Thomas J. McGLOIN, Appellant,

v.

UNITED STATES, Appellee.

No. 4265.

District of Columbia Court of Appeals.

Argued May 1, 1967.

Decided July 25, 1967.

Wm. Hammond Thomas, Washington, D. C., for appellant.

William R. Weissman, New York City, of the bar of New York, pro hac vice, by special leave of the court, with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and Lawrence Lippe, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge:

This appeal is from a conviction of unlawful entry in violation of D.C.Code 1961, § 22–3102.

Appellant was seen to enter the front door of a two-story private dwelling which had been converted into an apartment building for four families. The owner of the building, who lived nearby, was notified and he called the police. When an officer arrived, he entered the building and found an open trap door leading to the roof. The officer then went outside and saw appellant standing on the fire escape, one story above the ground. When asked what he was doing, appellant said he was looking for a cat. Then appellant went from the fire escape to the roof and a few moments later the officer found appellant on the stairs inside the building a few feet from the trap door leading from the roof. Appellant was arrested and he then explained his presence in the building by saying he was looking for a friend named DeWitt who lived in the building. No person by that name lived there.

At trial appellant testified that on the day and at the time in question he was too drunk to remember anything that occurred. This testimony was contradicted by the officer who said that at the time of arrest, appellant's speech was coherent and his gait was steady, and also that appellant had performed very well the difficult and dangerous maneuver by which he got from the fire escape to the roof.

Appellant argues that the offense of unlawful entry was not proved because of lack of proof that the entry was against the

will of the lawful owner or occupant. He cites our decision in Bowman v. United States, D.C.App., 212 A.2d 610, 611 (1965), wherein speaking of the same statute, we said:

> It punishes one who, without lawful authority, enters premises against the will of the lawful occupant. To be against the will of the lawful occupant the entry must be against the expressed will, that is, after warning to keep off. It is not necessary that such warning be verbally expressed; it may be expressed by sign.

Appellant says that since he was not warned verbally or by sign to refrain from entering the premises, he did not violate the statute.

*Bowman* must be read in the light of the facts of that case. It concerned an unlawful entry into a restricted area of the Union Station, a semi-public building. In such a building the public generally is permitted to enter and if there are portions which are not obviously private or restricted, it is only reasonable that warning of some kind be given the public to stay out. Even in a semi-public or public building there are portions obviously not open to the public; and surely no one would contend that one may lawfully enter a private dwelling house simply because there is no sign or warning forbidding entry.

The building in the instant case was not a public or semi-public building. It was a four-unit apartment house. Assuming that a member of the public might lawfully enter the lobby or entrance hall for the purpose of making inquiry, making a delivery, or for some like purpose, it is more than plain that wandering through the building, climbing on the roof or perching on the fire escape would be against the will of the owner.

Appellant argues that unless an express warning is required in all cases, a perfectly innocent person may unin-

tentionally violate the statute. This was answered by us in *Bowman* where we said that one who enters for a good purpose and with a bona fide belief of his right to enter is not guilty of unlawful entry. This is not such a case.

Affirmed.