James Tyrone SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 5693.

District of Columbia Court of Appeals.

Argued July 12, 1971.

Decided Sept. 28, 1971.

———◆———

Caroline Nickerson, Washington, D. C., appointed by this court, for appellant.

John S. Ransom, Asst. U. S. Atty. with whom Thomas A. Flannery, U. S. Atty.

John A. Terry and Paul L. Friedman, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

HOOD, Chief Judge:

This appeal is from a conviction of unlawful entry in violation of D.C.Code 1967, § 22–3102.[1]

Appellant was found near midnight by a police officer within a construction site completely enclosed by three locked gates and mesh chain link fence topped by barbed wire. The officer testified that, responding to a burglar alarm, he scaled the fence after seeing an individual inside and, following a chase, caught appellant in a hole with construction equipment in his hands and alongside him. It was later established that a trailer on the site had earlier been broken into and this same equipment removed.

In defense, appellant testified that he had been playing basketball and was merely in the process of taking a "shortcut" from the adjacent court to a bus stop,[2] which route encompassed slipping through a gate loosely chained, crossing the construction site, and crawling under a second gate leading to the public street. According to testimony produced in his behalf, appellant and others had used this same route in the daytime in the presence of construction workers without their objection. Appellant also denied being in a hole and in possession of the stolen construction equipment when apprehended.

On this appeal appellant urges that the trial court's instructions on the law of unlawful entry were erroneous and that the court further erred in denying certain instructions requested by appellant; the basic issue below, and here, was the defendant's repeated attempts to get the trial judge to include in his instructions on unlawful entry that a good faith belief by the defendant that he could enter the area was a defense to the charge of unlawful entry.[3]

Finding no error in the trial court's instructions, we affirm the conviction.

■■■ Where a person enters a place with a good purpose and with a bona fide belief of his right to enter, he lacks the element of criminal intent required by D.C. Code 1967, § 22–3102 and is not guilty of unlawful entry. And, where the existence of such a belief is genuinely questionable, an issue proper for the jury's determination arises and the accused is entitled to an instruction thereon. McGloin v. United States, D.C.App., 232 A.2d 90 (1967); Bowman v. United States, D.C.App., 212 A.2d 610 (1965). The contrary is also true, *i. e.,* where there is no evidence supportive of the accused's claim of a bona fide belief of a right to enter, the court is under no duty to instruct that such belief constitutes a valid defense. To do so would only serve to confuse the jury on an issue not properly before it.

Review of the record does not reveal sufficient facts or circumstances evidencing a bona fide belief by appellant of a right to enter the construction site to warrant an instruction thereon; accordingly, we uphold the trial court's refusal to grant the requested instruction.

■■■ To warrant an instruction it is not sufficient that an accused merely *claim* a belief of a right to enter. A bona fide belief must have some justification—some reasonable basis. Such was not present

---

1. Appellant was also charged with and acquitted of attempted second-degree burglary and petit larceny. *See* D.C.Code 1967, § 22–103; § 22–1801(b) (Supp. IV, 1971) and § 22–2202.

2. Appellant's own witness, however, testified that appellant had left the basketball court some two or three hours *prior* to being discovered on the construction site.

3. Brief for Appellant at 2.

here. Appellant's transgression of the lot in the daytime when construction activity was in progress and workers present hardly created a right, or reasonable belief in such, to trespass on the locked unguarded site at night. Moreover, appellant himself acknowledged that he knew his intrusion was unwarranted when, upon questioning by the prosecutor, he testified that the gate was locked "[t]o keep people from going through there." [4] It is irrelevant that the stated purpose for the unlawful entry (assuming appellant's version to be true), *i. e.,* to take a shortcut from the adjacent basketball court, may have been intrinsically harmless; the crime was committed when he intentionally trespassed on the property against the will of the party in control without a justifiable reason.

Appellant's contention that the offense of unlawful entry was not proved because of lack of proof that the entry was against the will of the lawful owner or occupant is likewise without merit. We have previously held that to be against the will of the lawful occupant the entry must be against the expressed will, that is, after warning to keep off. McGloin v. United States, *supra* at 91; Bowman v. United States, *supra* at 611. Such warning was present here. Hubshere Construction Company, the occupant of the lot, had posted signs indicating its rightful control of the site and had never authorized appellant to use the site at nighttime when no one was present. Given these facts and the presence of the locked gates and mesh chain link fence topped by barbed wire, there was no need that an explicit "keep out" sign be posted to establish that appellant was acting against the will of the construction company when he entered the site. Bond v. United States, D.C.App., 233 A.2d 506, 514 (1967).

Finding appellant's other arguments unsupported by the record, we affirm.

Affirmed.

4. Record at 111.