**STATE of Maine**

v.

**Hal M. STRATTON.**

Supreme Judicial Court of Maine.

Argued March 21, 1991.

Decided May 21, 1991.

David W. Crook, Dist. Atty., Alen P. Kelley (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Ronald W. Bourget (orally), Bourget & Bourget, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, CLIFFORD, COLLINS and BRODY, JJ.

McKUSICK, Chief Justice.

Defendant Hal M. Stratton appeals his conviction as an accomplice to operating under the influence of intoxicating liquor, 29 M.R.S.A. § 1312–B (Supp.1989), following a jury trial in the Superior Court (Kennebec County, *Alexander, J.*). In this case of first impression for Maine, we hold that there was no error in the court's instructing the jury on accomplice liability for OUI. Concluding also that the evidence amply supported the jury in finding defendant guilty beyond a reasonable doubt as an accomplice to that crime, we affirm.

After work on January 24, 1990, defendant and his friend and employee, "Buzz" Wyman, bought and split a six-pack of beer. They drove to the Bob In bar in Waterville, where they each had a few more beers, and defendant also had one or two whiskeys. When they left in defendant's truck, defendant had Wyman drive because, according to defendant's account, Wyman was "soberer" than he. Shortly thereafter the police, responding to a complaint of harassment and disorderly conduct by the pair, traced the truck to a Waterville residence. Defendant, visibly drunk, came outside to talk to the police. He volunteered that Wyman drove the truck from the Bob In to the residence where the police found them and that Wyman was "passed out" inside. The officers took defendant to the police station where he refused to take a breath test on the ground that he had not been driving. A District Court complaint charged defendant with operating or attempting to operate a vehicle while under the influence in violation of 29 M.R.S.A. § 1312–B.[1] After

---

1. 29 M.R.S.A. § 1312–B provides in pertinent part:

A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:

transfer to the Superior Court, the case was tried to a jury. On the court's instruction on both principal and accomplice liability for OUI, the jury returned a special verdict finding defendant guilty as an accomplice.

■ Although we have not previously had the occasion to address the question whether under Maine law a person may be convicted as an accomplice to the crime of OUI, the plain language of the Criminal Code—as well as the common sense of the situation—dictates an affirmative answer. The definition of accomplice liability set forth in the Criminal Code, 17-A M.R.S.A. § 57 (1983), is unlimited so far as the crimes to which it applies.[2] The accomplice liability of section 57 is made applicable to crimes like OUI that are defined outside the Criminal Code "unless the context of the statute defining the crime clearly requires otherwise." 17-A M.R.S.A. § 6(1) (Supp.1990). The OUI statute itself contains no language that in any way requires, clearly or otherwise, that its prescription not apply to an accomplice. The few other courts where the question of accomplice liability for OUI has been raised have similarly held that such liability is entirely appropriate. *See, e.g., State v. Storms*, 233 Iowa 655, 657, 10 N.W.2d 53, 54 (1943);

*State v. Nall*, 239 N.C. 60, 65, 79 S.E.2d 354, 357-58 (1953); *Joiner v. State*, 161 Tex.Crim. 526, 528, 279 S.W.2d 333, 334 (1955).

■ The complaint charged defendant only as a principal to the crime of operating or attempting to operate a vehicle while under the influence.[3] Contrary to defendant's contention, it is well settled in Maine law, by cases both before and after the Criminal Code, that on that charging instrument defendant could be convicted of either principal or accomplice liability. *See State v. Allison*, 427 A.2d 471, 474 (Me. 1981); *see also State v. Mower*, 317 A.2d 807, 811 (Me.1974) (prior to Criminal Code).

■ Finally, we reject defendant's contention that the jury had insufficient evidence to convict him as an accomplice to the crime of OUI. The court correctly instructed the jury on the definition of who is an accomplice as set forth in the first sentence of 17-A M.R.S.A. § 57(3)(A) (1983)[4]:

> A person is an accomplice of another person in the commission of a crime if ... [w]ith the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime.

---

A. While under the influence of intoxicating liquor or drugs or a combination of liquor and drugs; or

B. While having 0.08% or more by weight of alcohol in his blood.

2. 17-A M.R.S.A. § 57 provides in pertinent part:

1. A person may be guilty of a crime if it is committed by the conduct of another person for which he is legally accountable as provided in this section.

2. A person is legally accountable for the conduct of another person when:

. . . . .

C. He is an accomplice of such other person in the commission of the crime as provided in subsection 3.

3. A person is an accomplice of another person in the commission of a crime if:

A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this subsection to any crime the commission of

which was a reasonably foreseeable consequence of his conduct.

3. Stratton was charged by a "criminal complaint for violation of 29 M.R.S.A. § 1312" that read in pertinent part as follows:

[T]he above named defendant did: operate or attempt to operate a certain motor vehicle, to wit, 1977 Blue Ford, upon a certain way, to wit, Temple Street in said Waterville, within the State of Maine, while under the influence of intoxicating liquor.

4. The State's brief relies exclusively on the second sentence of section 57(3)(A), *see* n. 2 above, which makes an individual an accomplice "to any crime the commission of which was a reasonably foreseeable consequence of his conduct." We have made clear in our decisions that the second sentence of section 57(3)(A) must be read independently of the first, and refers only to situations in which the defendant is charged with a secondary crime that was a reasonably foreseeable consequence of an uncharged primary crime. *See, e.g., State v. McKinney*, 588 A.2d 310, 312 (Me.1991).

On the evidence before it the jury had ample basis for finding beyond a reasonable doubt that defendant was an accomplice to Wyman's crime of OUI. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985). As Wyman's drinking partner, defendant knew well the large number of beers Wyman had consumed recently before driving defendant's truck; and, although he changed his story at trial, defendant told the police when they found the pair at a local residence soon after the alleged driving offense that Wyman was then "passed out" inside the residence. Defendant turned over his truck keys to his employee Wyman and "had" him drive them from the Bob In to that residence, not because Wyman was sober, but because defendant thought Wyman "soberer" than he. From the evidence the jury could rationally find both the intent and the solicitation that made defendant an accomplice to the commission of the OUI offense.

The entry is:

Judgment affirmed.

All concurring.