**STATE of Vermont v. Chad A. MILLETTE**

[795 A.2d 1182]

No. 01-156

February 15, 2002. The State appeals a Windsor District Court decision granting defendant's motion to dismiss charges that he aided in the commission of a DUI, in violation of 23 V.S.A. § 1711. The State argues that the trial court erred in granting defendant's motion. We affirm.

On June 17, 1998, defendant Chad Millette drove his car from Bennington to Windham, Vermont to visit a friend. While at his friend's home, defendant, his friend, and a mutual friend, Alonzo Gilbert, had several beers. The men decided to go fishing in the late afternoon, in Chester, and defendant consumed four or five more beers at the fishing hole. Defendant and Gilbert drove to Londonderry to purchase more beer and returned to their friend's home in Windham. Not long after, defendant and Gilbert left for Cactus Jacks, a bar and strip club in White River Junction.

Defendant and Gilbert watched "shows" and drank more beer at Cactus Jacks. At some point in the late evening hours of June 17 or the early morning hours of June 18, 1998, defendant and Gilbert prepared to leave Cactus Jacks. There was heavy rain, and defendant suggested that they pull the car behind the club and sleep. Gilbert removed defendant's keys from defendant's pocket and responded that he would drive defendant home. Defendant and Gilbert got into the car, and Gilbert drove south on Interstate 91. Once on the road, defendant fell asleep, waking up to Gilbert's request that he help Gilbert stay awake. Defendant's car rolled over onto the side of the interstate, killing Gilbert. Defendant asserts that the next thing he could recall is waking up at a hospital.

Defendant was charged on five counts, which as later amended, include: (1) DUI, death resulting, in violation of 23 V.S.A. § 1201(a)(2); (2) DUI, third offense, both as the principal, in violation of 23 V.S.A. § 1201(a)(2), and as an accessory, in violation of 23 V.S.A. § 1711; (3) driving when his license had been suspended for DUI in Windsor County, in violation of 23 V.S.A. § 674(b); (4) driving when his license had been suspended for DUI from Bennington to Windham, in violation of 23 V.S.A. § 674(b); and (5) driving when his license had been suspended for DUI from Windham to Chester, in violation of 23 V.S.A. § 674(b). Defendant moved to dismiss the second count for lack of a prima facie case, pursuant to V.R.Cr.P. 12(d). The trial court granted defendant's motion, and dismissed the charge of violating 23 V.S.A. § 1711, aiding in the commission of a DUI, and ordered the State to amend the second count accordingly. The State now appeals that determination.

The State argues, on appeal, that the trial court erred in granting the Rule 12(d) motion because: (1) the State's evidence was sufficient to establish, beyond a reasonable doubt, that defendant had committed the offense; (2) the trial court, in its opinion and order, found insufficient evidence on the charge of aiding in a DUI death resulting, when in fact, the charge was aiding in a DUI. In reviewing a motion to dismiss for lack of prima facie case under Rule 12(d), we look to whether the evidence, taken in the light most favorable to the State, excluding modifying evidence, would fairly and reasonably tend to show defendant committed the offense, beyond a reasonable doubt. *State v. Dixon*, 169 Vt. 15, 17, 725 A.2d 920, 922 (1999); V.R.Cr.P. 12(d)(2).

Defendant is charged with aiding in the commission of a DUI in violation of 23 V.S.A. § 1711. Section 1711 provides

that one "who, whether present or absent, aids, abets, induces, procures or causes the commission of an act which, if done directly by him or her, would be a felony or a misdemeanor under a provision of this title [motor vehicle offense], is guilty of the same felony or misdemeanor." The interpretation of this statute is one of first impression for the Court. We are guided by our overriding objective in interpreting a statute — to effectuate the intent of the Legislature. *Dixon*, 169 Vt. at 17, 725 A.2d at 922. We look first to the plain, ordinary meaning of the statutory language. *Id.*

The language of 23 V.S.A. § 1711 establishes criminal liability for one who "aids, abets, induces, procures or causes" the commission of a motor vehicle felony or misdemeanor, creating accomplice liability for these acts. Both parties draw from the Court's interpretation of 13 V.S.A. § 3, which provides that "[a] person who aids in the commission of a felony shall be punished as a principal." In fact, both provisions provide accomplice liability with common language, i.e. where a defendant "aids" in the commission of a crime. Where the Legislature felt it appropriate to use common language to create accomplice liability in each of these provisions, we see no reason to interpret that language differently in each instance. Furthermore, the State fails to point out, and we see no language in the statute that would create, a broader definition of accomplice liability.

We reiterated Vermont's general rule on accomplice liability in *State v. Bacon*, 163 Vt. 279, 288, 658 A.2d 54, 61 (1995): "where several persons combine under a common understanding and with a common purpose to do an illegal act, every one is criminally responsible for the acts of each and all who participate with him in the execution of the unlawful design." (internal quotations omitted). Participation, however, is more than mere passive acquiescence — the intent

of accomplice liability is not to convict those defendants who never intended their co-felon to commit the offense. *Id.* at 290, 658 A.2d at 62.

The law of this case is predicated on the facts. We accept the State's theory that a person who aids in the commission of the offense of driving a motor vehicle while under the influence of alcohol may be held criminally liable for the acts of the principal. Indeed, the language of 23 V.S.A. § 1711 evinces an unmistakable legislative intent to do just that. *State v. Stratton*, 591 A.2d 246, 247 (Me. 1991) (plain language of statute with common sense of situation dictates affirmative answer to question of whether person may be criminally liable for aiding in offense of DUI). The State argues that defendant's act of exiting the bar, aware that he and his friend had consumed too much alcohol to drive safely, coupled with "allowing" his friend to take the keys from defendant's pocket constituted a common plan sufficient to permit the conviction of defendant as an accomplice, notwithstanding that defendant attempted to persuade Gilbert that they should sleep in the car rather than drive home, and that Gilbert took the keys from defendant's pocket. Every case cited by the State contains facts that establish more active participation by the defendant than the State can prove here. See, e.g., *Story v. United States*, 16 F.2d 342, 344 (D.C. Cir. 1926) (owner of and passenger in vehicle convicted as an accomplice where passenger asked defendant for and was given permission to drive); *State v. Satern*, 516 N.W.2d 839, 840 (Iowa 1994) (owner of and passenger in vehicle convicted as an accomplice where he "turned over" the driving to another); *Stratton*, 591 A.2d at 248 (owner of and passenger in vehicle convicted as an accomplice where he asked his employee to drive because employee was "soberer"); *State v. Lemacks*, 996 S.W.2d 166, 172 (Tenn. 1999) (owner of and passenger in vehicle

convicted as an accomplice where evidence uncertain if he was driving, but where in any event, he gave keys to co-defendant); *Williams v. State*, 352 S.W.2d 230, 230 (Tenn. 1961) (owner of and passenger in vehicle convicted as an accomplice where he had no valid license and had friend drive).

The State also argues that the trial court erred in its opinion and order, finding insufficient evidence on the charge of aiding in a DUI, death resulting, when in fact, defendant was charged with aiding in a DUI. Because we find that there was insufficient evidence to establish beyond a reasonable doubt that defendant aided in the commission of a DUI, the trial court's error in referring to "DUI, death resulting" is harmless.

*Affirmed.*

Motion for reargument denied March 11, 2002.