## Commonwealth vs. Gregory A. Nelson.

No. 08-P-1020.

Suffolk. April 6, 2009. - July 8, 2009.

Present: Lenk, Kantrowitz, & Wolohojian, JJ.

*Trespass. Real Property,* Trespass. *Landlord and Tenant,* Common passageway. *Boston Housing Authority. Housing. Housing Authority. Municipal Corporations,* Housing authority.

A Boston Municipal Court judge erred in finding the criminal defendant guilty of trespassing, where the defendant was found to be passing through the halls of Boston Housing Authority property in order to reach a tenant's apartment at the tenant's invitation, and there was no evidence that the defendant had lingered or loitered in the hall. [631-633]

This court concluded that the Boston Housing Authority is a person with "lawful control" of a housing development for purposes of the criminal trespass statute, G. L. c. 266, § 120, constrained only to the extent of a residential tenant's limited easement for purposes of permitting the tenant's invited guests access to and egress from the apartment through common areas [634]; further, this court concluded that nothing in G. L. c. 121B, § 32C, which provides civil injunctive remedies to housing authorities, indicated a legislative intent to repeal, revoke, or restrict the criminal trespass statute in cases involving property owned by the Boston Housing Authority [634].

Complaint received and sworn to in the South Boston Division of the Boston Municipal Court Department on April 26, 2007.

After transfer to the Central Division of the Boston Municipal Court Department, the case was heard by *Michael J. Coyne,* J., and a motion for a new trial was also heard by him.

*Eleanor R. Hertzberg* for the defendant.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

*Stefanie A. Balandis, Amy Copperman, & Susan Hegel,* for Massachusetts Union of Public Housing Tenants & another, amici curiae, submitted a brief.

*Wilbur E. Commodore, Helene C. Maichle, & Bridgette K. Kelly*, for Boston Housing Authority, amicus curiae, submitted a brief.

WOLOHOJIAN, J. We address here the question whether *Commonwealth* v. *Richardson*, 313 Mass. 632 (1943), which involved a private landlord, applies equally to the Boston Housing Authority (BHA). Concluding that it does, we reverse the defendant's conviction of criminal trespass, G. L. c. 266, § 120.

Approximately seven months before the events leading to the current case, the defendant was arrested[1] at the Old Colony Housing Development (Old Colony) and told that he was not to return to BHA property, which included Old Colony.[2] This message was conveyed orally and also by giving the defendant a written "Trespass Notice" stating:

> "You are hereby notified that you are not welcomed in or upon the property of the Boston Housing Authority.
>
> "Violation of this notice will subject you to arrest and prosecution for violation of Massachusetts General Law, Chapter 266 Section 120 — Trespassing."

On April 25, 2007, Erica McCall (a friend of the defendant who lived in an apartment in Old Colony), the defendant, and two other people returned to Old Colony after an evening out. McCall did not know that the defendant had been forbidden to enter BHA premises and had on previous occasions invited him to her apartment. She did so on this evening as well. McCall and another member of the foursome went directly upstairs to her apartment. The defendant and the remaining member of the group stayed below.

At the same time, against a history of complaints of urination, drinking, drug transactions, and disturbing the peace, three officers were checking the Old Colony hallways and came across the defendant in the hallway of the building where McCall's apartment was located.[3] Posted about six to seven feet away from the

---

[1] The defendant was arrested for possession of a dangerous weapon and trespass.

[2] We recite the facts in the light most favorable to the Commonwealth.

[3] The defendant and McCall both testified that the defendant never entered

defendant was a large, readily visible "No Trespassing" sign. One of these officers had, on the occasion of the earlier arrest, informed the defendant that he was not welcome to return. Recognizing the defendant from his prior arrest, and knowing that he had previously been told to stay away from BHA property, the officers took the defendant into custody. There was no evidence as to how long the defendant had been in the hall, or whether he was lingering or loitering there.

The defendant, after a bench trial, was convicted of criminal trespass, in violation of G. L. c. 266, § 120.[4] Although the trial judge found that the defendant had been invited to the premises by McCall,[5] the judge convicted the defendant of trespass on the ground that the BHA had previously ordered him to stay away.

In relevant part, G. L. c. 266, § 120, as amended by St. 1999, c. 102, prohibits one who "without right enters or remains in or upon the . . . buildings . . . of another . . . after having been forbidden so to do by the person who has lawful control of said premises, whether directly or by notice posted thereon." In a case involving a private landlord, the Supreme Judicial Court has held that

> "when a landlord lets property to be occupied by several tenants, although he retains for certain purposes control of the common doorways, passageways, stairways and the like, he grants to his tenants a right of way in the nature of an easement, appurtenant to the premises let, through those places that afford access thereto."

*Commonwealth* v. *Richardson*, 313 Mass. at 639. See *Com-*

---

the building but remained in the parking lot searching for dropped keys. We view the evidence in the light most favorable to the Commonwealth and, therefore, accept the testimony of the officers that the defendant was within the hallway leading to McCall's apartment. Nothing in our analysis turns on the difference.

[4]The defendant appeals directly from the conviction and also appeals from the denial of his motion for new trial.

[5]The judge found that the defendant "was invited there by [McCall]." Because the evidence supported the finding that the defendant was in the hallway at McCall's invitation, the judge's finding cannot be disturbed on appeal. *Commonwealth* v. *James*, 427 Mass. 312, 314 (1998) (fact findings are left undisturbed unless clearly erroneous).

*monwealth* v. *Hood,* 389 Mass. 581, 589-590 (1983) (commercial tenant had lawful control of building for purposes of criminal trespass statute). Embraced within this easement is a tenant's license to admit whom he wishes. See *Commonwealth* v. *Richardson, supra.* This license can be exercised "notwithstanding objections of the landlord, who c[an] not revoke the license any more than he c[an] an invitation extended by the tenant to one calling upon any legitimate business." *Id.* at 640. Residential tenants have a right to permit visitors to pass through the common areas of the building for the purpose of approaching their apartments. If a person passes through the halls of a residential apartment building at the legitimate invitation of a tenant, he cannot be convicted of criminal trespass. *Id.* at 640-641.

We see no reason why *Richardson* should not apply to properties owned by the BHA. Although *Richardson* involved a private landlord, its reasoning did not depend on the identity of the landlord, but on the nature of a residential tenancy. Thus, as explained in *Commonwealth* v. *Hood,* 389 Mass. at 589, unlike employees of commercial tenants, residential tenants have a right to admit a visitor to the common areas of a building for purposes of approaching their apartment because such use of the common areas is within the customary "usages of the community." See *Commonwealth* v. *Richardson,* 313 Mass. at 639 ("entry upon another's close, or into his house, at usual and reasonable hours, and in a customary manner, for any of the common purposes of life, cannot be regarded as a trespass").

Two pieces of information in the record indicate that the customary usage of hallways in BHA properties for the purpose of permitting invited guests passage to and from residents' apartments does not differ from the customary usage of hallways in privately-owned apartment buildings such that *Richardson* should not apply. First, the BHA police department's trespass policy states:[6]

"[a] nonresident does not have the right to see anyone, but a resident does have the right to invite any individual not

---

[6]Because the policy was not produced to the defendant before trial, it is not part of the trial record. It is, however, part of the appellate record as part of the appeal from the denial of the defendant's motion for new trial.

barred by a restraining order as a guest. Therefore, when an individual who has been served with a No Trespass Notice has been invited to visit by a resident, he/she has a lawful reason to cross the common areas of BHA property solely for the purpose of access to and egress from the resident's apartment."

Second, the BHA public housing lease throughout acknowledges that residents are entitled to have guests in their apartments.[7,8] Those provisions of the lease would be unclear, if not rendered effectively meaningless, were guests not permitted to pass through the common hallways in order to gain access to residents' apartments. Since we are loath to construe contracts in a manner that would render any provision meaningless, we conclude instead that the lease's provisions indicate that it is customary to permit invited guests to pass through the common hallways in order to reach their tenant-host's apartment. See *Lexington Ins. Co.* v. *All Regions Chem. Labs, Inc.*, 419 Mass. 712, 713 (1995) ("A contract should be construed in such a way that no word or phrase is made meaningless by interpreting another word or phrase, because the interpretation should favor a valid and enforceable contract or lease rather than one of no force and effect").

We conclude, therefore, that the defendant is correct when he argues that *Richardson* applies to guests of tenants in public housing properties. As a result, a conviction for trespass cannot stand against a defendant who is found to be passing through the halls of BHA property in order to reach a tenant's apartment at the tenant's invitation. The guest must be passing through, not lingering or loitering. Here, the trial judge found that the defendant was present at the invitation of McCall, and there was no evidence that the defendant had lingered or loitered in the hall.

---

[7]Guests are also permitted to remain overnight, provided that no one guest occupies the apartment for more than forty-five days within a twelve-month period.

[8]The lease also provides that BHA may terminate a lease if the tenant or a guest of the tenant engages in "[a]ny criminal or other activity which threatens the health or safety of another resident or a BHA employee, or which threatens the health or safety of any person residing in the immediate vicinity of the public housing premises; [or] [a]ny violent or drug-related criminal activity on or off BHA property." See G. L. c. 121B, § 32C.

We disagree with two additional arguments made by the defendant.[9] First, *Richardson* does not stand for the proposition that the BHA is not a person with "lawful control" of Old Colony for purposes of G. L. c. 266, § 120. A residential tenancy carries with it a limited easement through the common areas for purposes of permitting a tenant's invited guests access and egress from the apartment. *Commonwealth* v. *Richardson*, 313 Mass. at 639. The BHA's control for purposes of the criminal trespass statute is constrained only to the extent that a guest remains within this limited easement. The rule of *Richardson* provides a defense to a charge of criminal trespass only for those defendants who are in the common areas of an apartment building at the invitation of a tenant and within the scope of that invitation. It does not divest the landlord of "lawful control" of the common areas.

Second, we reject the defendant's argument that the civil injunctive remedies available to the BHA under G. L. c. 121B, § 32C, are the sole avenue of redress available to the BHA against those who are on its properties without its permission. Nothing in § 32C indicates a legislative intent to repeal, revoke, or restrict the criminal trespass statute in cases involving BHA-owned properties. *Commonwealth* v. *Hayes*, 372 Mass. 505, 512 (1977), quoting from *Colt* v. *Fradkin*, 361 Mass. 447, 449-450 (1972) ("a statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication").

For the reasons set out above, the judgment is reversed, the finding is set aside, and judgment is to enter for the defendant.

*So ordered.*

---

[9]Deciding as we do, we need not, and do not, reach the defendant's argument that his conviction violates his constitutional right of freedom of association or his arguments concerning the denial of his motion for new trial.