J-S53001-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM SEBON SHAW, JR., | : | |
| | : | |
| Appellant | : | No. 8 WDA 2013 |

Appeal from the Judgment of Sentence November 28, 2012,
Court of Common Pleas, Fayette County,
Criminal Division at No. CP-26-CR-0001425-2011

BEFORE:  DONOHUE, OLSON and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED AUGUST 21, 2014**

William Sebon Shaw, Jr. ("Shaw") appeals from the November 28, 2012 judgment of sentence entered by the Fayette County Court of Common Pleas following his conviction of defiant trespass.[1]  After careful review, we affirm.

The trial court summarized the factual and procedural histories of this case as follows:

> The Fayette County Housing Authority (FCHA) is a duly established municipal authority with its mission to provide a safe and healthy physical environment for eligible low income citizens. The FCHA owns and operates numerous multi-unit residential apartment complexes in Fayette County and specifically owns and operates the multi-unit residential apartment complex known as Snowden Terrace in Brownsville, Fayette County, Pennsylvania. (N.T. 3) All tenants residing in Snowden Terrace are subject to the

---

[1]  18 Pa.C.S.A. § 3503(b)(1)(i).

*Retired Senior Judge assigned to the Superior Court.

provisions contained in a lease with the FCHA which includes a booklet containing the 'FCHA Residential Lease Agreement, Terms and Conditions.' (N.T. 7) The FCHA lease provides the Authority with the right to terminate for offering shelter to persons on the Authority's defiant trespass list.[FN] The FCHA maintains a 'defiant trespass' list of persons who are barred from entry into the Housing Authority complex onto property owned and maintained by the Authority. (N.T. 4) Individuals are placed on the defiant trespass list by a Housing Administrator employed by the Authority for reasons which include buying or attempting to buy or sell drugs, harassing tenants or staff, vandalism and other illegal activities carried out on the premises of the FCHA. (N.T. 21)

---

[FN] The terms and conditions for termination of the lease include, inter alia, the following:

XIV. Termination of the lease.

(a) This lease may be terminated for serious or repeated violations of material terms of the lease, …

Such serious or repeated violation of terms shall include but not be limited to:

[*    *    *]

(12) If a tenant knowingly houses, boards, or tries to offer shelter to anyone known to the tenant as being on the FCHA's Defiant Trespass list;

[*    *    *]



---

Any individual placed on the defiant trespass list is personally served a written notice that they are barred from the premises and that entry onto the premises of the authority will result in the filing of defiant trespass charges. (N.T.20) Persons whose names are on the Authority's defiant trespass list and who enter into the Housing Authority complex

are subject to being arrested by the police for Defiant Trespass in accordance with 18 Pa.C.S.A. §3503(b).

On May 10, 2011, [Shaw], a 26-year-old adult male, was observed sitting on the porch of the residence at 418 Clover Street in Snowden Terrace in violation of the defiant trespass order personally served on him by the housing administrator of the housing complex. (N.T.3) It is stipulated that [Shaw] was on the Authority's defiant trespass list, had been placed on the list for a valid reason and was personally served with notice against trespass on the authority's property. (N.T. 4, 6, 17)

The residential unit at 418 Clover Street was under lease by the Authority to Barbara Harris, [Shaw]'s mother, with the specific occupants to be Barbara Harris and Charlene Shaw, Barbara's 30-year-old daughter. (N.T. 4, Com. Exhibit 2) After having observed [Shaw] on the premises of the Housing Authority in violation of the defiant trespass order issued by the Authority, [t]he Brownsville borough [p]olice filed a criminal complaint charging [Shaw] with Defiant Trespass, a third degree misdemeanor.

Following a hearing on the Omnibus Pretrial Motion filed by [Shaw][,] the Honorable Judge Steve Leskinen reduced the degree of the offense to a summary.

Trial Court Opinion, 5/3/13, at 1-4 (majority of footnote omitted).

The case proceeded to a bench trial before the Honorable Ralph C. Warman, Senior Judge, at which Shaw stipulated that he was on the Authority's defiant trespasser list and had received actual notice thereof, as stated *supra*. The Commonwealth also stipulated that, if called to testify, Shaw's mother would state that Shaw was present at her apartment at

Snowden Terrace with her permission, and that he was aware that he had his mother's permission to be there.

The trial court convicted Shaw of defiant trespass and sentenced him to pay a $300.00 fine and the cost of prosecution. This timely appeal followed, and both Shaw and the trial court complied with Rule of Appellate Procedure 1925. Shaw raises one issue for our review:

> Whether the evidence was legally insufficient to establish that [Shaw] was not licensed or privileged to enter upon or remain on his mother's porch or to rebut the statutory defense presented by [Shaw], as contained at 18 Pa.C.S.A. Section 3503 (c)(3), that he reasonably believed that a person empowered to license access to the apartment in question, namely his mother, the tenant, would have licensed him to enter or remain on the property?

Shaw's Brief at 5.

Shaw challenges the sufficiency of the evidence presented to convict him of defiant trespass. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Murray**, 83 A.3d 137, 151 (Pa. 2013). We must "determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom is sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt." **Commonwealth v. Vogelsong**, 90 A.3d 717, 719 (Pa. Super. 2014).

The Pennsylvania Crimes Code defines defiant trespass, in relevant part, as follows: "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by [] actual communication to the actor[.]" 18 Pa.C.S.A. § 3503(b)(1)(i). Shaw asserts that the trial court erred by failing to find that he had satisfied his burden of proving a defense to that crime, namely that he "reasonably believed that the owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain." 18 Pa.C.S.A. § 3503(c)(3); *see* Shaw's Brief at 9, 12. Specifically, he states, "the invitation of his mother, as the tenant of the apartment in question, negates the evidence necessary to sustain a conviction." Shaw's Brief at 12.

There is no Pennsylvania case law addressing the issue raised. The trial court relies upon *Williams v. Nagel*, 643 N.E.2d 816 (Ill. 1994), in support of its finding that because the lease restricted Shaw's mother from "attempting to offer shelter" to anyone on the defiant trespass list, her invitation to Shaw was not valid. Thus, according to the trial court, Shaw "could not reasonably have believed that [her] invitation" permitted him to enter the property. Trial Court Opinion, 5/3/13, at 16-19. Shaw cites to several cases from other jurisdictions to support his argument to the contrary. *See* Shaw's Brief at 11, 15-16 (citing *State v. McCave*, 805 N.W.2d 290 (Neb. 2011); *Commonwealth v. Nelson*, 909 N.E.2d 42

- 5 -

(Mass. App. 2009); *In re Jason Allen D.*, 733 A.2d 351 (Md. App. 1999), *overruled on other grounds by* *In re Antoine M.*, 907 A.2d 158 (Md. 2006); *State v. Dixon*, 725 A.2d 920 (Vt. 1999); *Bean v. U.S.*, 709 A.2d 85 (D.C. 1998); *State v. Blair*, 827 P.2d 356 (Wash. App. 1992); *L.D.L. v. State*, 569 So. 2d 1310 (Fla. Dist. Ct. App. 1990); *State v. Hoyt*, 304 N.W.2d 884 (Minn. 1981)).

As stated above, the affirmative defense raised by Shaw to the crime of defiant trespass was that he "reasonably believed" that he was permitted on the property by virtue of his mother's invitation. *See* 18 Pa.C.S.A. § 3503(c)(3). In the context of another affirmative defense – self-defense – our Supreme Court has explained that "[t]he requirement of a reasonable belief encompasses two aspects, one subjective and one objective." *Commonwealth v. Mouzon*, 53 A.3d 738, 752 (Pa. 2012). The subjective element requires that the defendant "acted out of an honest, bona fide belief[.]" *Id.* The objective element contemplates that the defendant's honest belief must be reasonable in light of the information and facts available to the defendant. *Id.*

The record before us reveals that Shaw did not testify at trial. The only evidence he presented in his defense was in the form of a stipulation by the Commonwealth that Shaw's mother invited him to come to her apartment, which she leased from the Housing Authority, and that Shaw was "aware" of her invitation. N.T., 11/28/12, at 4-5. Shaw also stipulated to

the Commonwealth's evidence that he was on the Housing Authority's "defiant trespass" list, was on the list for a valid reason, had actual notice of his inclusion of that list, and that this barred him from entry onto property owned by the Housing Authority. *Id.* at 3-4. Shaw presented no evidence that his presence on Housing Authority property was based on an actual, bona fide belief that his mother's invitation overrode the prohibition set forth by the Housing Authority. We note that in the cases of our sister states relied upon Shaw that are factually similar and are predicated on comparable laws to section 3503 and(b)(1)(i) and (c)(3),[2] the defendant presented evidence of his subjective belief that he or she was permitted on the property in question. *See, e.g., In re Jason Allen D.*, 733 A.2d at 357 (defendant testified that he was told he was permitted to be on the premises if he was visiting a resident); *Hoyt*, 304 N.W.2d at 892 (finding the defendant's claim of right was bona fide based upon her testimony).

---

[2] Several of the cases cited by Shaw are factually or legally inapposite to the case before us. *See, e.g., Bean*, 709 A.2d at 86 (the defendant "was not unconditionally barred" from the property in question and was permitted to be on the property "for a legitimate reason, *e.g.*, in order to visit a tenant"); *Blair*, 827 P.2d at 359 n.4 (same); *McCave*, 805 N.W.2d at 314-18 (issue before the court was whether the trial court erred by excluding statements as hearsay); *Dixon*, 725 A.2d at 923 (the State proceeded "solely on the theory that only the nonconsent of the landlord was needed for a conviction," and did not argue that the landlord imposed "reasonable regulations" to protect "the premises themselves or [] other tenants," which the court suggested may have led to a different result); *Nelson*, 909 N.E.2d at 45 (no "reasonable belief" required, just a blanket, case law created-prohibition against the landlord excluding another from a tenant's residential apartment and the common areas leading thereto).

The evidence presented by the Commonwealth, viewed in the light most favorable to the Commonwealth, reveals that Shaw was on the Housing Authority's property with actual knowledge that he was prohibited from being there. We therefore agree with the trial court that the evidence was legally sufficient to convict Shaw of defiant trespass.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2014

---

[3] "We are not limited by the trial court's rationale and may affirm its decision on any basis." **Commonwealth v. Hunter**, 60 A.3d 156, 162 (Pa. Super. 2013) (citation omitted).