Argued and submitted November 26, 1997, reversed and remanded for new trial
June 3, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## MELVIN J. FOOTE,
*Appellant.*

(957069; CA A92963)

960 P2d 900

Hari Nam S. Khalsa, Deputy Public Defender argued the caused and filed the brief for the appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General argued the cause for the respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Wollheim,* Judges.

LANDAU, J.

---

* Wollheim, J., *vice* Leeson, J., resigned.

**LANDAU, J.**

Defendant appeals a judgment of conviction for failure to perform the duties of a driver when property is damaged. ORS 811.700(1)(b). He asserts that the trial court committed two errors: (1) failing to grant his motion for judgment of acquittal on the ground that the state failed to prove that he damaged another vehicle; and (2) giving a jury instruction that listed as an element of the crime that defendant knew he had been involved in a collision that likely resulted in damage to an unattended vehicle. We reverse and remand for a new trial.

We state the facts in the light most favorable to the state, which prevailed at trial. *State v. Brown*, 310 Or 347, 367, 800 P2d 259 (1990). Late in the evening, defendant backed his pickup truck into the front end of a parked Chevrolet Blazer. On impact, the Blazer "jumped," and there was a loud noise. Defendant drove away. Dale Walters witnessed the incident, inspected the Blazer and noticed some damage at the point of impact, the area around one of the Blazer's headlights. Walters reported the incident to police. Defendant was charged with failure to perform the duties of a driver when property is damaged.

At trial, following the close of the state's case, defendant moved for a judgment of acquittal on the ground that the state had failed to prove that the collision caused any damage to the Blazer. The state argued that proof of actual damage to the Blazer was not required. The trial court agreed and denied the motion. At the close of the evidence, the trial court delivered Uniform Criminal Jury Instruction No. 2718, which states that, to find a defendant guilty of the crime of failure to perform the duties of a driver when property is damaged, the jury must find that the defendant knew that he was involved in a collision that was "likely to have resulted in damage." Defendant objected to the instruction on the ground that it requires that defendant know only that damage probably resulted, not that damage actually resulted from the accident.

On appeal, defendant contends that the trial court erred in failing to instruct the jury that proof of actual damage is an element of the crime of failure to perform the duties of a driver when property is damaged. The state contends that, by its terms, ORS 811.700(1)(b) does not include proof of damage as an element of the crime. The state acknowledges the anomaly of the legislature having entitled the crime as if damage were required but failing to include proof of damage as an actual element. It nevertheless insists that the text of the statute contains no reference to damage, and so proof of damage is not required. The state concedes that, if ORS 811.700(1)(b) requires proof of actual damage, a new trial is required.

■ We examine ORS 811.700(1)(b) to determine the legislature's intended construction of the enacted language, looking first to the text in its context and then, if necessary, to the legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). ORS 811.700(1) provides:

"(1)   A person commits the offense of failure to perform the duties of a driver when property is damaged if the person is the driver of any vehicle and the person does not perform duties required under any of the following:

"(a)   If the person is the driver of any vehicle involved in an accident that results only in damage to a vehicle that is driven or attended by any other person the person must perform all of the following duties:

"(A)   Immediately stop the vehicle at the scene of the accident or as close thereto as possible. Every stop required under this subparagraph shall be made without obstructing traffic more than is necessary.

"(B)   Remain at the scene of the accident until the driver has fulfilled all of the requirements under this paragraph.

"(C)   Give the other driver or passenger the name and address of the driver and the registration number of the vehicle that the driver is driving and the name and address of any other occupants of the vehicle.

"(D)   Upon request and if available, exhibit and give to the occupant of or person attending any vehicle damaged

the number of any documents issued as evidence of driving privileges granted to the driver.

"(b)   If the person is the driver of any vehicle that collides with any vehicle that is unattended, the person shall immediately stop and:

"(A)   Locate and notify the operator or owner of the vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle; or

"(B)   Leave in a conspicuous place in the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking and a statement of the circumstances thereof.

"(c)   If the person is the driver of any vehicle involved in an accident resulting only in damage to fixtures or property legally upon or adjacent to a highway, the person shall do all of the following:

"(A)   Take reasonable steps to notify the owner or person in charge of the property of such fact and of the driver's name and address and of the registration number of the vehicle the driver is driving.

"(B)   Upon request and if available, exhibit any document issued as official evidence of a grant of driving privileges to the driver."

We first note that the legislature labeled the crime "failure to perform the duties of a driver *when property is damaged.*" It is true that the name that the legislature gives a crime cannot establish or limit the elements of the offense. Or Laws 1983, ch 338, § 2. Nevertheless, when the legislature labels a particular crime in the text of the statute itself, that label is part of the context of the statute and certainly is indicative of what the legislature intended the elements to include. In this case, the name of the crime, which explicitly includes reference to property damage, clearly manifests an intention that damage is an element of the crime.

We next note that the statute describes the crime in three variations. First, in subsection (1)(a), the statute speaks of an accident in which the driver produces "damage to a vehicle that is driven or attended" by another person. ORS 811.700(1)(a). Second, in subsection (1)(b), the statute

speaks of an accident in which the driver "collides with a vehicle that is unattended" by another person. ORS 811.700(1)(b). Third, the statute speaks of an accident in which the driver produces "damage to fixtures or property legally upon or adjacent to a highway." ORS 811.700(1)(c). Thus, the principle distinctions between the subsections are that, in subsection (1)(a), the vehicle that the driver hits is attended; in subsection (1)(b), the vehicle that the driver hits is unattended; and in subsection (1)(c), the driver does not hit a vehicle at all.

■    In that context, we note that the statute refers to "damage" in subsection (1)(a), to "collision" in subsection (1)(b) and to "damage" in subsection (1)(c). It is true that the legislature did not use the term "damage" in setting out the elements of the variation of the crime described in subsection (1)(b). The question remains, however, whether the legislature nevertheless intended the reference to a "collision" in that section to encompass that element. We conclude that it did.

First, the term "collision" commonly is understood to mean "the action or an instance of colliding, violent encounter, or forceful striking together typically by accident *and so as to harm or impede." Webster's Third New International Dictionary,* 446 (unabridged ed 1993) (emphasis supplied). At the very least, therefore, the term is reasonably capable of referring to an accident that causes damage.

Second, as we have noted, the legislature clearly understood that the crimes that it described in ORS 811.700(1) all include damage as an element. Any other reading of the term "collision" would render the name of the crime, "failure to perform the duties of a driver when property is damaged" anomalous, indeed.

Third, the structure of the section strongly suggests that the distinction between the variations of the crime described in subsections (1)(a) and (1)(b) is whether the vehicle that the driver has hit was attended or unattended, not whether the vehicle was damaged or not damaged. Hence, in subsection (1)(a), involving hitting an attended vehicle, the duties of the driver are to stop and give the other driver required information, while, in subsection (1)(b), the duties of

the driver are either to locate and notify the driver of the vehicle just hit or to leave information for the other driver in a conspicuous place. ORS 811.700(1)(a) and (b).

Finally, we observe that any other construction of the statute would not make much sense. It would mean that a driver commits the crime of failure to perform the duties of a driver when property is damaged every time the driver's vehicle comes into any contact with another vehicle, even when there is absolutely no evidence of damage to the other vehicle. Nothing in the text or context of the statute suggests that the legislature intended to criminalize every parking lot encounter in which the bumper of one vehicle benignly comes into contact with another.

We conclude that ORS 811.700(1)(b) requires proof of a "collision," that is, proof of an accident that caused harm to another vehicle. As the state concedes, in that event, a new trial is warranted.

Reversed and remanded for new trial.