Argued and submitted June 28, reversed October 19, 2011, petition for review denied February 2, 2012 (351 Or 546)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PAUL WILLIAM SCHNEIDER,
*Defendant-Appellant.*

Washington County Circuit Court
D093299M; A143746

265 P3d 36

Zachary L. Mazer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Shannon Terry Reel argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

**NAKAMOTO, J.**

Defendant appeals a judgment of conviction of second-degree criminal trespass, ORS 164.245. On appeal, he assigns error to the trial court's denial of his motion for a judgment of acquittal. We reverse.

We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989). The basic facts are undisputed.

The apartment manager of the Villa Capri West apartment complex issued defendant a written "notice of exclusions," which, among other things, "prohibited [defendant] from entering or remaining on the common areas of the designated property for any reason whatsoever." The notice warned defendant that to enter or remain on the designated property could result in his arrest for criminal trespass under ORS 164.245. Months after defendant received the written notice, Timothy Flynn, a tenant of the apartment complex, invited defendant to the apartment. A police officer, responding to a trespass call, found defendant in the apartment complex's parking lot, cleaning Flynn's car. When asked what he was doing on the property, defendant responded that he was visiting a friend and cleaning the car for him.

Subsequently, defendant was charged with second-degree criminal trespass, ORS 164.245, and a bench trial was held. At the close of the state's case, defendant moved for a judgment of acquittal, arguing that the state had failed to prove that he was not licensed or privileged to be in the apartment complex's common area. The trial court denied defendant's motion and found him guilty of criminal trespass.

On appeal, defendant renews his argument that, in light of Flynn's invitation, the state failed to prove that he was not licensed or privileged to be in the parking lot. The state contends that the apartment manager had lawfully excluded defendant from the apartment complex, superseding the tenant's invitation, and that a rational factfinder

therefore could find that defendant was not licensed or privileged to be at the apartment complex.

In part, ORS 164.245(1) provides that "[a] person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully * * * in or upon premises." "Enter or remain unlawfully" means

> "[t]o enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so[.]"

ORS 164.205(3)(a). When an entrant claims that he is permitted or invited to enter the premises, the state has the burden to prove two elements to establish that the entry is not otherwise licensed or privileged: (1) the person issuing the invitation lacked actual authority to do so; and (2) the entrant knew or believed there was no such authority. *State v. Hartfield*, 290 Or 583, 595, 624 P2d 588 (1981).

In this case, there is no dispute that a tenant invited defendant to the apartment complex. Thus, the case turns on whether the state has established (1) that Flynn, a tenant of the apartment complex, lacked actual authority to invite defendant to the apartment's parking lot, and (2) that defendant knew or believed that Flynn lacked authority to do so. In the state's view, a tenant has no authority once a property manager excludes a person from the property, and that person can enter or remain in the common area only with the manager's consent.

Whether a tenant in an apartment complex has the actual authority to invite guests onto common areas of the property is an issue of first impression in Oregon. We explained in *State v. Hall*, 181 Or App 536, 539, 47 P3d 55 (2002), that the legislature intended to ground the phrase "enter or remain unlawfully" in ORS 164.205(3) in common-law principles of trespass to property. Accordingly, we turn to relevant principles of the common law of trespass, which contradict the state's argument.

Traditionally, a tenant's invited guest carries the same privileges as the tenant to make use of the common areas unless the lease states otherwise. *Arbee v. Collins*, 219

Ga App 63, 65, 463 SE2d 922, 925 (1995) (citing *Restatement (Second) of Torts* § 189 (1974)). According to *Restatement (Second) of Torts* § 189 (1974),

"(1)  A lessee of premises is privileged to be at reasonable times and in a reasonable manner on those portions of the premises retained in the possession of the lessor which are maintained or held open by him for the common use of his tenants * * *.

"(2)  Persons entering the premises in the right of the tenant have the same privilege as is stated in Subsection (1)."

Under the common law, landlords cannot prevent a tenant's guest from entering an apartment complex's common areas. *See State v. Dixon*, 169 Vt 15, 18, 725 A2d 920, 922 (1999) ("The common law is clear that the landlord may not prevent invitees or licensees of the tenant from entering the tenant's premises by passing through the common area."); *L. D. L. v. State*, 569 So 2d 1310, 1312-13 (Fla Dist Ct App 1990) (concluding that a person who is expressly forbidden from entering the common area of a housing complex is not guilty of criminal trespass if invited by a tenant); *City of Bremerton v. Widell*, 146 Wash 2d 561, 571, 51 P3d 733, 738, *cert den*, 537 US 1007 (2002) (recognizing the common-law rule that a landlord may not prevent invitees or licensees of the tenant from entering the tenant's premises by passing through the common areas but holding that a defendant may exceed the scope of the invitation onto the common areas by wandering in areas distant from the inviting tenant's apartment). However, a tenant's right to invite guests may be restricted by the terms of her lease. *See Restatement* § 189 comment c ("The privilege stated in this Section is subject to the terms of the lease, and may be increased or diminished by express or implied agreement."); *Widell*, 146 Wash 2d at 572 n 2, 51 P3d at 739 (recognizing a landlord's legitimate concerns in public housing and noting that landlords can limit a tenant's rights to invite guests through the terms of the lease).

The facts in cases such as *L. D. L.* and *Dixon* are like those in this case, where the defendant guest of a tenant has been prosecuted for criminal trespass for being in the common area at the tenant's invitation after the landlord

expressly prohibited the defendant from entering the property. In *L. D. L.*, a housing complex gave police the authority to issue no trespass notices and to arrest persons loitering on the property who were not residents. 569 So 2d at 1311. Police issued a no-trespass notice to the defendant, who later returned to the common area of the property to visit a friend. *Id*. He was charged and convicted of trespass. *Id*. at 1312. The Florida Court of Appeals reversed the conviction, holding that a person who comes upon the premises at the invitation of a tenant, although expressly forbidden by the landlord, is not liable for criminal trespass. *Id*. at 1312-13.

In *Dixon*, the defendant was charged with criminal trespass for standing in the common area of an apartment complex after the apartment manager issued her a notice against trespass. 169 Vt at 16, 725 A2d at 921. The defendant argued that a tenant invited her onto the premises, while the state responded that the tenant's invitation was superseded by the manager's prohibition. *Id*. Noting the common law of trespass, the Vermont Supreme Court reversed the criminal conviction because the state failed to prove that the defendant was not on the premises by invitation of the tenant. *Id*. at 19, 725 A2d at 923.

Applying common-law principles of trespass, we hold that the tenant, Flynn, had the authority to invite guests to the common areas of the apartment complex. Flynn exercised that authority when he invited defendant to visit him. The state did not introduce evidence that the lease agreement limited Flynn's authority to invite guests. Because defendant was cleaning Flynn's car in the parking lot, an activity within the scope of his invitation, defendant was privileged to be in the parking lot, and the state failed to establish that defendant was not lawfully on the premises. Therefore, the trial court erred by denying defendant's motion for a judgment of acquittal.

Reversed.