Submitted July 5, conviction for second-degree criminal trespass reversed; remanded for resentencing; otherwise affirmed August 21, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLARENCE DELGARDO KING,
aka Carlos Delgado King,
aka Clarence David King,
*Defendant-Appellant.*

Umatilla County Circuit Court
CRH110048, CFH100287;
A149323 (Control), A149326

308 P3d 1110

Peter Gartlan, Chief Defender, and Shawn E. Wiley, Chief Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

**PER CURIAM**

In this consolidated criminal appeal, defendant appeals from a judgment convicting him of second-degree theft, ORS 164.045, unlawful possession of methamphetamine, ORS 475.894, and second-degree criminal trespass, ORS 164.245. On appeal, defendant assigns error to the trial court's denial of his motion for judgment of acquittal of second-degree criminal trespass, asserting that the state failed to prove (1) that the tenant who invited defendant onto the property lacked actual authority to do so, and (2) that defendant knew or believed that the person who invited him onto the property did not have actual authority to do so. *See State v. Schneider*, 246 Or App 163, 168, 265 P3d 36 (2011), *rev den*, 351 Or 546 (2012) (holding that landlords cannot prevent a tenant's guest from entering an apartment complex's common areas unless the tenant's right to invite guests is restricted by the terms of the tenant's lease).

The state concedes error, acknowledging that the evidence at trial indicated that a lawful tenant invited defendant into an apartment in the complex from which defendant had previously been excluded, and there was no evidence that the tenant's lease restricted her authority to invite guests who had been excluded. We accept the state's concession and reverse defendant's conviction for second-degree criminal trespass.

Conviction for second-degree criminal trespass reversed; remanded for resentencing; otherwise affirmed.