Submitted June 25, 2015, affirmed July 20, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DAVID ALLEN SHARINGHOUSEN,
*Defendant-Appellant.*

Washington County Circuit Court
D132476T; A155401

379 P3d 728

Peter Gartlan, Chief Defender, and Elizabeth Daily, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

**FLYNN, J.**

Defendant appeals from a judgment of conviction for failure to perform the duties of a driver when there is damage to property. ORS 811.700. The sole issue on appeal is whether the trial court erred in giving what is known as the "witness-false-in-part" jury instruction, UCrJI 1029. The instruction is based on ORS 10.095(3) (2013), *amended by* Or Laws 2013, ch 25, § 1, which provides as pertinent that "on all proper occasions" the jury is to be instructed "[t]hat a witness false in one part of the testimony of the witness is to be distrusted in others." In determining whether a particular case presents a "proper occasion" to give the instruction described in ORS 10.095(3), the court must "determine, from all the testimony, whether or not there has been sufficient evidence for the jury to decide that at least one witness consciously testified falsely." *Ireland v. Mitchell,* 226 Or 286, 293, 359 P2d 894 (1961) (explaining *former* ORS 17.250(3) (1961), *renumbered as* ORS 10.095 (1981));[1] *State v. Milnes,* 256 Or App 701, 706, 708, 301 P3d 966 (2013) (quoting *Ireland* and applying that test to determine "proper occasion" for giving UCrJI 1029).

Defendant argues that the trial court erred in giving the instruction because (1) the record was insufficient to support the instruction and (2) because the court erred in giving an outdated version of the uniform instruction, which, defendant argues, contains an improper comment on the evidence. We conclude that the trial testimony of various witnesses included inconsistencies sufficient to permit the instruction. We do not reach defendant's challenge to the form of the instruction because that challenge is unpreserved and defendant has not asked us to consider plain error review. Accordingly, we affirm.

## BACKGROUND

The state charged defendant with the offense of failure to perform the duties of a driver based on allegations that he was involved in a collision with an unattended

---

[1] *Ireland* addressed the standard for giving a witness-false-in-part instruction in the context of a civil trial. Both the Uniform Civil and the Uniform Criminal Jury Instructions include a model instruction based on ORS 10.095(3).

vehicle and knowingly failed to locate the owner of the vehicle or to leave his contact information. ORS 811.700(1)(b). At trial, defendant testified that, while backing up in a parking lot, he drove over a speed bump and heard a noise that he thought was the sound of his heavy tools rattling in the back of his truck. But he climbed out of his truck to see if he "hit anything." Defendant testified that he looked at the parked car behind him and did not see any damage, so he proceeded to park his truck, purchase a few things and then drive away. Defendant also testified: "I know that I didn't hit the car."

The state offered the testimony of a witness who was sitting in a parked car when he heard a loud noise like "when something metal hits something else." The witness testified that he saw defendant climb out of his vehicle and inspect both defendant's own vehicle and a car that was parked a couple of parking spots down from the witness's car. After defendant moved away from the area, the witness walked over to look at the car and saw "a big impact." The state also called the investigating officer, who testified that he noticed damage to the car as he drove by, from 10 to 15 feet away. He described the damage as "pretty good size" and "plainly visible," covering an area approximately 12 inches across on the driver's side back fender.

At the close of evidence, defendant argued that the trial court should not give the witness-false-in-part instruction, because the evidence did not permit an inference that a witness consciously testified falsely regarding a material fact and that, as a result, the instruction would be an improper comment on the evidence. The state responded that there was a contradiction in the testimony about whether the damage to the car was visible, and the court agreed that the testimony supported giving the instruction.

## ANALYSIS

We review for an abuse of discretion a trial court's decision to give the witness-false-in-part instruction and will conclude that the court abused its discretion if the record does not permit an inference that at least one witness has willfully testified falsely. *Milnes*, 256 Or App at 702. Inconsistencies between a witness's trial testimony and

the trial testimony of another witness are one type of inconsistency that *"can* support the giving of a witness-false-in-part instruction *if* the jury could find from those inconsistencies that the witness willfully testified falsely." *Id.* at 708 (emphasis in original). As the court in *Ireland* cautioned, however, inconsistencies that reflect "honest mistake, confusion, and hazy recollection" are not sufficient to "invoke the statutory instruction." 226 Or at 293. The court emphasized that, "[i]f given abstractly, the instruction could produce speculation and mischief in the jury room." *Id.* (citing John Henry Wigmore, 3 *Evidence* §§ 1008-1015, 675 (3d ed 1940)).

The state contends that the record in this case contains a "direct conflict" in the testimony that supports the instruction, because defendant's testimony that he did not see the damage when he looked at the car "is tantamount to saying that no damage was readily visible." That assertion was inconsistent with the testimony of the other witnesses who described damage to the back fender area as a "big impact" and "plainly visible" from a distance of 10 to 15 feet.

Defendant acknowledges that the testimony suggesting the damage was readily visible provided a reason "to disbelieve defendant," but he contends that his testimony that he did not *see* damage when he looked at the car fails to present the kind of inconsistency that justifies the witness-false-in-part instruction. Defendant relies on *Milnes,* in which we concluded that the instruction was not supported by an inconsistency between the defendant's trial testimony and an out-of-court statement that she admitted had been a lie, because "the identified inconsistency does not tend to show that there was anything about defendant's *testimony* that was false—let alone consciously false—when measured against her earlier statements." 256 Or App at 708 (emphasis in original).

On this record, however, defendant's proposed explanation to reconcile the identified inconsistency does not mean there is no contradiction. Even if the jury *could have* inferred that defendant truly did not see the damage to the other car, the jury alternatively could have inferred that defendant's testimony was false when measured against the other witnesses' testimony about observing the damage.

Moreover, the jury could find that the testimony was consciously false, given its significance to the charged offense. The jury was instructed that, to prove that defendant committed the offense of "Failure to Perform the Duties of a Driver When Property is Damaged," the state was required to prove (among other elements) that defendant "knew he was involved in a collision that was likely to have resulted in damage to any unattended vehicle."[2] Defendant testified both that he did not hit the car and that he did not "see," *i.e.*, did not know, that the collision caused damage. The contradiction presented by the other testimony about the visibility of the damage permitted the jury to find that defendant consciously testified falsely. Thus, unlike *Milnes*, the record here contains the kind of inconsistency that "*can* support the giving of a witness-false-in-part instruction," and the trial court did not abuse its discretion in giving the instruction.

Defendant also argues on appeal that the trial court erred because it gave a form of the witness-false-in-part instruction that was an outdated version of UCrJI 1029 and contained a sentence—removed from the current version of the instruction—that constitutes an impermissible comment on the evidence.[3] The state argues that defendant has not preserved a challenge to the form of the given instruction— as distinct from his challenge that the instruction should not have been given at all. We agree that the trial court would not have understood defendant's arguments below to include what is essentially an alternative argument—that even if the record supported giving a witness-false-in-part instruction, one sentence of the given instruction should have been stricken. Defendant has not argued that we should consider his challenge to the form of the instruction as plain error, and we decline to do so. *See State v. Ardizzone*, 270 Or App

---

[2] Although ORS 811.700(1)(b) (duties after collision with an unattended vehicle) does not explicitly require that the accident cause damage to the unattended vehicle, we have construed the statute in context as requiring the state to prove that the accident caused harm to the other vehicle. *State v. Foote*, 154 Or App 227, 233, 960 P2d 900 (1998).

[3] The version of UCrJI 1029 that the trial court gave contained the statement, "A witness who lies under oath in some part of his or her testimony is likely to lie in other parts of his or her testimony." As revised in 2012, the uniform instruction now omits that sentence. UCrJI 1029 (2013).

666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so because 'it is incumbent upon the appellant to explain to us why an error satisfies the requisites of plain error and, further, why we should exercise our discretion to correct that error.'") (quoting *State v. Tilden*, 252 Or App 581, 589, 288 P3d 567 (2012)).

Affirmed.