No. 717 October 9, 2024 417

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT WILLIAM CODY BROWN,
*Defendant-Appellant.*

Douglas County Circuit Court
22CR15578; A180171

Ann Marie Simmons, Judge.

Submitted August 28, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

After an incident in which defendant entered a trailer home and used mace on the three occupants, the state charged defendant with multiple offenses, and a jury found him guilty of unlawful use of a weapon, ORS 166.220 (Count 1); coercion, ORS 163.275 (Count 2); menacing, ORS 163.190 (Count 3); harassment, ORS 166.065(3) (Count 4); first-degree burglary, ORS 164.255 (Count 5); first-degree criminal trespass, ORS 164.255 (Count 6); and three counts of second-degree use of mace, ORS 163.212 (Counts 7, 8, 9). The trial court merged the guilty verdicts on Counts 5 and 6 into a single conviction for first-degree burglary and sentenced defendant to a total of 81 months in prison.

On appeal, defendant raises four assignments of error. He argues that the evidence was insufficient for the burglary and trespass charges and that the trial court erred in denying his motion for judgment of acquittal (MJOA) on each of those counts,[1] that the trial court erred in providing an outdated "witness false in part" jury instruction, and that the post-prison supervision (PPS) term for his coercion conviction exceeds the statutory maximum. As to defendant's fourth assignment of error, the state concedes the sentencing error. We agree with and accept that concession. We therefore remand for resentencing but, for the reasons explained below, we reject defendant's first three assignments of error.

In his first and second assignments, defendant argues that the state presented insufficient evidence to prove either first-degree burglary or first-degree trespassing. Assuming without deciding that defendant preserved both of those assignments of error, we conclude that the jury could have found that defendant entered and remained unlawfully in the trailer home. There was evidence that defendant, late at night, cut the coverings on a broken window on the back door of the trailer home to unlock the door and enter the home. The tenant who rented the home had previously told defendant that he was not allowed to

---

[1] Defendant made an MJOA on Count 5 and contends on appeal that he effectively made an MJOA on Count 6 when he argued that the state failed to prove one of the elements of that offense.

spend the night, and he had checked that the doors were locked. While inside the trailer home, defendant argued with the three occupants, one of whom was his mother, and he sprayed them with pepper spray or mace. That evidence was sufficient for the jury to find that defendant entered and remained unlawfully.

In arguing otherwise, defendant claims that the state failed to prove that he had not been invited into the home by his mother, but he points to no evidence that his mother had invited him. Other evidence established that the tenant had excluded defendant from spending the night at the home. For that reason, defendant's reliance on *State v. Schneider*, 246 Or App 163, 265 P3d 36 (2011), *rev den*, 351 Or 546 (2012) is misplaced. *See id.* at 168 (concluding that the state failed to prove that the defendant was not privileged to be in the apartment common area where he had been excluded by the property manager but invited by a tenant). There is no evidence here that one occupant's invitation conflicted with other exclusion directives. The trial court did not err in determining that there was sufficient evidence for the jury to decide whether defendant entered and remained unlawfully in the trailer home.

In his third assignment of error, defendant argues that the trial court erred in providing the jury with an outdated version of Uniform Criminal Jury Instruction 1029, the "witness false in part" instruction. The trial court instructed the jury that, "A witness who lies under oath in some part of his or her testimony is likely to lie in other parts of his or her testimony."[2] Defendant argues that the trial court erred in providing that instruction because it is an improper comment on the evidence.

Defendant argued below that the instruction "often amounts to a comment on the evidence," which was sufficient for preservation purposes. Considering defendant's argument on its merits, in *State v. Zelinka*, 130 Or App 464, 477-78, 882 P2d 624 (1994), *rev den*, 320 Or 508 (1995), we

---

[2] The uniform instruction was revised in 2012 to omit that sentence. *State v. Sharinghousen*, 279 Or App 593, 597 n 3, 379 P3d 728 (2016). The instruction now provides, in part, that "if you find that a witness has intentionally lied in part of his or her testimony, you may, but are not required to, distrust other portions of that witness's testimony." UCrJI 1029.

rejected the argument that the same version of the "witness false in part" jury instruction constituted an improper comment on the evidence. *Zelinka* is binding precedent and defendant does not argue that *Zelinka* is plainly wrong or should be overruled. *See Farmers Ins. Co. v. Mowry*, 350 Or 686, 698, 261 P3d 1 (2011) ("the party seeking to change a precedent must assume responsibility for affirmatively persuading us that we should abandon that precedent." (Internal quotation marks omitted)). We therefore reject defendant's third assignment of error.

In his fourth assignment, defendant argues that the trial court plainly erred in imposing a sentence for his coercion conviction that exceeds the statutory maximum. OAR 213-005-0002(4) prohibits a PPS term that, when added to the prison term, exceeds the "statutory maximum indeterminate sentence for the crime of conviction." Coercion is a Class C felony. ORS 163.275(2). The statutory maximum indeterminate sentence for that conviction is 5 years or, in other words, 60 months. ORS 161.605(3). Here, on Count 2, the trial court sentenced defendant to 36 months of prison and imposed 36 months of PPS, which exceeds the statutory maximum. The trial court plainly erred, the state concedes the error, and we exercise our discretion to correct it. On remand, the trial court must reduce the sentence so that it does not exceed the statutory maximum.[3]

Remanded for resentencing; otherwise affirmed.

---

[3] In January 2024, in the trial court, the state filed a joint motion to modify the judgment to reflect a prison sentence of 26 months and a PPS term of 24 months on Count 2, but, to date, the trial court has not ruled on the motion.