NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 48

No. 2017-147

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Criminal Unit, |
| | Lamoille Division |
| | |
| Benjamin Charette | November Term, 2017 |

Thomas Carlson, J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Brice C. Simon of Breton & Simon, PLC, Stowe, for Defendant-Appellant.

PRESENT: Reiber, C.J., Robinson, Eaton and Carroll, JJ., and Wesley, Supr. J. (Ret.),
         Specially Assigned

¶ 1.    **ROBINSON, J.**   The issue in this case is whether an individual who is convicted of a sex offense can be compelled to register as a sex offender if the putative victim was an adult undercover police officer posing as a minor child. Defendant appeals the trial court's decision requiring him to register as a sex offender. He argues the plain language of the sex offender registration statute requires that the underlying crime be committed against an actual minor victim. Considering the structure and purpose of the statute, we conclude that 13 V.S.A. § 5401(10)(B) encompasses attempted crimes against a putative victim who the defendant perceives to be a minor. We accordingly affirm.

¶ 2.    Defendant pled guilty to a charge of attempted luring of a child pursuant to 13 V.S.A. § 2828 based on his attempt to meet with a person he believed to be a minor child for the purpose of having sex. The charging affidavit reflects that, after receiving complaints concerning

defendant's inappropriate online contact with minors, an investigator, posing as a thirteen-year-old girl named "Alexa," reached out to defendant through Facebook. Defendant had an extended course of communications with "Alexa," and ultimately asked her to meet with him to have sex. Police arrested defendant when he showed up at the arranged location at the agreed upon time and date.

¶ 3. The parties agreed to a minimum sentence of twenty-eight months, ten days, with a five-year maximum, but disagreed as to whether defendant was required to register as a sex offender. Defendant argued that the sex offender registration statute, by its plain terms, requires the presence of an <u>actual</u> minor victim. See 13 V.S.A. § 5401(10)(B). The trial court concluded that the Legislature intended to include in the sex offender registration statute convictions where the "minor victim" was in fact an undercover police officer posing as a minor. Accordingly, the court issued an order requiring defendant to register in the sex offender registry. Defendant appealed.

¶ 4. The sex offender registration statute defines "sex offender" as a person convicted of any of various identified charges. 13 V.S.A. § 5401(10)(B). This definition includes, in relevant part:

> (B) A person who is convicted of any of the following offenses against a victim who is a minor . . . .
>
> . . . .
>
> (v) sexual exploitation of children as defined in chapter 64 of this title . . . .
>
> . . . .
>
> (x) an attempt to commit any offense listed in this subdivision (B).

13 V.S.A. § 5401(10)(B)(v), (x). Chapter 64, which addresses the sexual exploitation of children, includes the luring statute, 13 V.S.A. § 2828, under which defendant was convicted.

¶ 5. On appeal, defendant renews his argument that the registration requirement only applies when a person is convicted of an offense "against a victim who is a minor." Defendant

contends that this language requires an <u>actual</u> minor victim. Thus, an adult investigator posing as a minor does not satisfy this requirement. The State counters that insofar as the registration statute expressly encompasses attempts to exploit children, including attempted luring, see §§ 5401(10)(B)(v), (x), it applies in cases like this where defendant intended to have sex with a minor even though the person he was communicating with was an adult posing as a minor and there is no actual minor victim.

¶ 6.     Statutory interpretation is a question of law, which we review without deference. State v. Hurley, 2015 VT 46, ¶ 8, 198 Vt. 552, 117 A.3d 433. The purpose of interpreting a statute is to effectuate legislative intent. <u>Id</u>. ¶ 9. "Where the plain meaning of the words of the statute is insufficient guidance to ascertain legislative intent, we look beyond the language of a particular section standing alone to the whole statute, the subject matter, its effects and consequences, and the reason and spirit of the law." State v. Thompson, 174 Vt. 172, 175, 807 A.2d 454, 458 (2002). Maxims of statutory construction may help us discern a statute's meaning, but "they are secondary to our primary objective of giving effect to the intent of the legislature." <u>Id</u>. (quotation omitted). With these principles in mind, we conclude that the registration requirement applies in this case because the intended victim of defendant's crime was a minor. We base this conclusion on the language of the registration statute as a whole, its inclusion of convictions for attempts, the statute's purpose, and the incongruous consequences of defendant's interpretation. Our analysis is consistent with persuasive authority from multiple states.

¶ 7.     Defendant's interpretation is not compelled by the plain language of the statute. He asks us to construe the term "victim" in 13 V.S.A. § 5401(10)(B) to mean "actual victim," as opposed to an intended victim, even though the statute does not expressly say so. See State v. Kerr, 143 Vt. 597, 605, 470 A.2d 670, 674 (1983) (explaining that this Court will not read language into statute unless necessary to make it effective). Even if this construction might make sense when viewing the relevant prefatory language in isolation, it does not make sense in the context of the statute as a whole. Section 5401(10)(B) includes attempts as among the crimes triggering that

subdivision's application. Although attempts may be directed at identifiable victims, they do not necessarily involve actual, identified victims. Nothing in the language of this subdivision limits the attempts that trigger the registration requirement to those that involve an identified and actual victim. To the contrary, the prefatory language of subdivision B is broad and inclusive. See 13 V.S.A. § 5401(10)(B) (defining sex offender as "[a] person who is convicted of any of the following offenses against a victim who is a minor" (emphasis added)).

¶ 8. The State's reading is not only consistent with the language of the statute, but it more clearly advances the statute's purpose "to provide appropriate authorities with information to assist in the investigation and prevention of sex offenses." Thompson, 174 Vt. at 176, 807 A.2d at 459. It is difficult to see how excluding offenders like defendant from the registration requirement could be consistent with this goal. Defendant's interpretation would lead to an odd situation in which offenders who engage online with people they believe to be minors and are convicted of attempted crimes stemming from that engagement may be required to register if the people they communicated with were real, but not if they were fictitious, even though both sets of offenders engaged in precisely the same conduct and posed exactly the same risk to the community.

¶ 9. On the bases of similar considerations, courts from several states have reached the same conclusion under similar circumstances. Construing the exact same phrase—"against a victim who is a minor"—the Georgia Court of Appeals concluded that a defendant convicted of attempted child molestation and attempt to entice a child for indecent purposes was required to register as a sex offender. Spivey v. State, 619 S.E.2d 346, 352 (Ga. Ct. App. 2005). The defendant interacted on the internet with a police officer posing as a fourteen-year-old. The defendant sent sexually explicit messages to the fictitious minor and ultimately went to an arranged meeting, where he was arrested. He did not challenge his convictions but argued that the trial court erred in requiring him to register as a sex offender. Because Georgia's statute (like Vermont's) required registration by offenders convicted of various enumerated offenses "against a victim who is a minor," and because there was no actual minor victim of his crimes, the defendant argued that he

4

could not be required to register. Id. at 348. The court rejected this contention, emphasizing the statute's broad language—which did not limit the statute's reach to attempt offenses involving actual victims who are minors—and the legislative intent to protect the community by notifying it of individuals who may pose a threat. Id. at 350. It noted, "Individuals convicted of a criminal attempt are not necessarily less of a threat because they were prevented from completing their intended crimes." Id. The court emphasized that the statute reaches "attempt" crimes, and attempts do not always have victims. Id.

¶ 10. Similarly, the New Hampshire Supreme Court concluded that a provision in that state's sex offender registration statute applying the registration requirement to offenders convicted of certain offenses "where the victim was under [the age of] 18 at the time of the offense" must be interpreted to apply "to attempt crimes in which the offender subjectively believed that such a victim existed." Czyzewski v. N.H. Dep't of Safety, 70 A.3d 444, 447-48 (N.H. 2013). The court concluded that the defendant's contrary interpretation read the word "victim" in isolation and failed to take into account that the statute reached attempt crimes—which may not involve an actual victim. Id. at 446. If it construed the statute to require an "actual victim," the statute would "distinguish between those caught in police sting operations, whose crimes typically have no 'actual victims,' and those who take a substantial step in targeting an 'actual victim,' but do not complete the crime." Id. at 447. The court concluded, "There is no indication in the statute that the legislature intended either to categorize attempt crimes in this way or to benefit a category of manifestly dangerous criminals for no other reason than the fortuitous fact that their intended victims turned out to be undercover police officers." Id.[1]

---

[1] On the other hand, where a statute does not include attempt, its reference to a "minor" may be understood to require a real, live minor person. See United States v. Dahl, 81 F. Supp. 3d 405, 407-08 (E.D. Pa. 2015) (relying in part on fact that federal statute did not reach "attempts" in concluding that statute providing for enhanced sentence for certain charges if defendant is registered sex offender and violation is one "involving a minor" does not apply when the persons being enticed are not real minors but rather undercover agents impersonating minors).

5

¶ 11.    The Virginia Court of Appeals relied on many of the same considerations in construing a similar statute. Colbert v. Commonwealth, 624 S.E.2d 108 (Va. Ct. App. 2006). In Colbert, the defendant was convicted of computer solicitation for sex with a minor based on a sting operation in which an undercover police officer posed as a thirteen-year-old. The applicable sex offender registration requirement applied to certain charges "[w]here the victim is a minor." Id. at 111. The defendant argued that based on the plain language of the registration requirement it did not apply to him because there was not an actual minor victim in his case. Id. at 112. The court considered the purpose of the sex offender registration requirement and concluded that the defendant's act of computer solicitation for sex with a minor "falls expressly within the evil contemplated" by the law. Id. at 113. The court concluded that it would lead to an absurd result to exclude the defendant from the registration requirement "based solely upon a fortuity beyond his control—that the one receiving his sexual solicitations was actually an adult, despite his intent to target a child" because "he is indistinguishable from one committing the same offense whose sexual solicitations were actually received by a minor." Id.

¶ 12.    On these bases, the Colorado Court of Appeals concluded that the reference to the "victim" in the statutory definition of "sexually violent predator" meant the intended victim in cases where the defendant was convicted of an attempt. People v. Buerge, 240 P.3d 363, 367-68 (Colo. App. 2009). In Buerge, the defendant was charged as a result of an internet sting operation. He met a purported fourteen-year-old girl in an internet chat room. After he proposed to meet with her and one of her friends to use drugs and engage in sexual activity, police arrested him at the designated meeting place and found drugs and sexual paraphernalia in his possession. He pled guilty to attempted sexual assault on a child younger than fifteen. The contested issue before the trial court was whether he qualified as a "sexually violent predator" under the applicable statute. The designation of sexually violent predator applied when, among other factors, the offender's "victim was a stranger to the offender or a person with whom the offender established or promoted a relationship primarily for the purpose of sexual victimization." Id. at 367. The defendant argued

6

that because the "victim" in his case was a fictional character, there was no victim, and he could not be classified as a sexually violent predator. Id. The court disagreed, noting that not all attempt crimes have an actual or identified victim. Id. at 367-68. The court reasoned:

> Because the General Assembly included attempt crimes in the [sexually violent predator] statute, it must have intended the statute to apply to perpetrators convicted of such crimes. To conclude that an offender convicted of an attempted sexual assault on a child cannot be determined to be a sexually violent predator because circumstances beyond the offender's control prevented the completion of the crime, and no child was actually victimized, would lead to an illogical and absurd result . . . [and] would not give consistent, harmonious, and sensible effect to all of the statute's parts because it would allow offenders convicted of attempted sexual crimes to avoid designation as sexually violent predators based on the mere fortuity of not having completed the crime with a resulting actual victim.

Id. at 368 (citations omitted). Accordingly, the court concluded that in the context of an attempted sexual assault, the term "victim" in the definition of sexually violent predator referred to the intended victim, "even when it is factually or legally impossible to commit the offense, as long as the actor could have done so if the circumstances were as [the defendant] believed them to be." Id. at 368.[2]

¶ 13. The respective courts' analyses in the above cases are persuasive and consistent with our own assessment of the legal question before us. Defendant was convicted of an attempted crime directed at someone he believed to be a thirteen-year-old minor. The fact that the purported victim turned out to be an undercover officer does not change defendant's intent or conduct, nor the risk to the community arising from his sex offense. For the above reasons, we conclude that

---

[2] In United States v. Dodge, the Eleventh Circuit Court of Appeals concluded with little analysis that if the defendant believed he was communicating with a thirteen-year-old girl when he engaged in the criminal act for which he was convicted, the federal sexual offender registration statute applied. 597 F.3d 1347, 1350, 1355 (11th Cir. 2010) (en banc) (considering applicability of federal sex offender registration statute applicable to "specific offense against a minor" and concluding that because the defendant believed victim was minor, the word "against" a minor was "non-issue").

13 V.S.A. § 5401(10)(B) applies to an attempt where the defendant believes the victim to be a minor even if the defendant was actually communicating with an adult posing as a minor.

Affirmed.

FOR THE COURT:

_____
Associate Justice