NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2021 VT 56

No. 2019-386

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Criminal Division |
| | |
| Sanel Masic | December Term, 2020 |

Martin A. Maley, J.

Thomas J. Donovan, Jr., Attorney General, and John D.G. Waszak, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, Dawn Matthews, Appellate Defender, and Mary Harrington, Legal Intern, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Robinson, Eaton, Carroll and Cohen, JJ.

¶ 1.    **COHEN, J.**  Defendant Sanel Masic was convicted on jury verdict of luring a child under 13 V.S.A. § 2828. On appeal, he argues that the statute is an unconstitutional restriction on speech and void for vagueness under the U.S. and Vermont Constitutions. He further challenges the superior court's imposition of a probation condition as part of his sentence. We affirm the conviction but remand for additional findings regarding the condition of probation.

¶ 2.    The State introduced the following evidence at trial. In September 2017, a taskforce of federal and state law enforcement officers conducted an operation to investigate child exploitation in the Burlington area. As part of this operation, a special agent posed as a fictitious fourteen-year-old boy named "Grayson" by posting profiles and personal advertisements in

various websites and applications. Defendant responded to one of these ads, asking through email if Grayson was "still looking" and then stating in explicit language that he was interested in oral sex and did not care about age or appearance. Though Grayson had indicated in the ad that he was eighteen years old, he replied that he was under eighteen and asked if that was okay with defendant. Defendant answered affirmatively, indicating again that he did not care about age as long as he received oral sex. Grayson then wrote that he was fourteen and asked if that was okay. Defendant again answered in the affirmative and asked for an address. When a few minutes passed without a response, defendant threatened to report Grayson's ad while repeatedly requesting oral sex, saying, "Now dude send me ur address and blow me or I'm reporting ur ad." Defendant requested oral sex several times throughout the conversation, using similar language. He agreed to meet with Grayson at a South Burlington location to execute the transaction and was arrested upon arriving at said location.

¶ 3. Defendant was charged with luring a child under 13 V.S.A. § 2828(a), which provides that "[n]o person shall knowingly solicit, lure, or entice, or . . . attempt to solicit, lure, or entice, a child under 16 years of age or another person believed by the person to be a child under 16 years of age, to engage in a sexual act" or "in lewd and lascivious conduct." The statute applies to "solicitation, luring, or enticement by any means, including in person, through written or telephonic correspondence or electronic communication." Id. § 2828(b). It does not apply, however, "if the person is less than 19 years of age, the child is at least 15 years of age, and the conduct is consensual." Id. § 2828(c).

¶ 4. Defendant filed a pretrial motion to dismiss the charge, arguing that § 2828 is unconstitutional under the U.S. and Vermont Constitutions. The superior court denied the motion, and a jury trial was held where defendant was found guilty. Entering judgment accordingly, the court sentenced defendant to two to five years, with two years to serve, and ten years of probation.

2

One of the probation conditions provides that defendant "will reside at [his] approved residence as directed by [his] assigned Probation Officer or designee."

¶ 5. On appeal, defendant first advances facial challenges to § 2828, arguing that the statute is unconstitutional under the First Amendment to the U.S. Constitution and Article 13 of the Vermont Constitution because it creates a content-based restriction on speech that fails strict scrutiny and because it is overbroad. He also contends that the statute is void for vagueness under the Fourteenth Amendment's Due Process Clause. Defendant further argues that § 2828 is unconstitutional as applied to him and challenges the use of the mental element "knowingly" in the statute. Finally, he argues that the probation condition governing where he may live was improper and must be vacated.

## I. Facial Challenges to 13 V.S.A. § 2828

¶ 6. We first consider defendant's facial challenges to § 2828. These challenges, presenting questions of law, are reviewed without deference to the superior court. State v. Noll, 2018 VT 106, ¶ 21, 208 Vt. 474, 199 A.3d 1054.

### A. Content-Based Restriction on Protected Speech

¶ 7. Defendant argues that § 2828 enacts a content-based restriction on constitutionally protected speech and fails strict scrutiny. The First Amendment, which is applicable to the states by operation of the Fourteenth Amendment, Thornhill v. Alabama, 310 U.S. 88, 95 (1940), prohibits laws "abridging the freedom of speech," U.S. Const. amend. I. Similarly, Chapter I, Article 13 of the Vermont Constitution declares "[t]hat the people have a right to freedom of speech." Vt. Const. ch. I, art. 13. We have so far declined to extend greater free-speech protection under Article 13 than under the First Amendment and thus engage in a First Amendment analysis, construing Article 13 as coextensive with its federal analogue. See State v. Read, 165 Vt. 141, 153, 680 A.2d 944, 951 (1996).

3

¶ 8. Generally, the First Amendment prohibits the government from restricting "expression because of its message, its ideas, its subject matter, or its content." Ashcroft v. Am. Civil Liberties Union, 535 U.S. 564, 573 (2002) (quotation omitted). Accordingly, content-based regulations are "presumptively invalid," R.A.V. v. City of St. Paul, 505 U.S. 377, 382 (1992), and must withstand strict scrutiny to survive constitutional attack, Turner Broad. Sys., Inc. v. F.C.C., 512 U.S. 622, 642 (1994). However, the U.S. Supreme Court has recognized several "well-defined and narrowly limited classes of speech" that may be restricted in furtherance of social order without implicating First Amendment concerns. United States v. Stevens, 559 U.S. 460, 468-69 (2010) (quotation omitted). One of these is "speech integral to criminal conduct," id. at 468, including offers to engage in illegal transactions, which are "categorically excluded from First Amendment protection," United States v. Williams, 553 U.S. 285, 297 (2008). Indeed, "[m]any long established criminal proscriptions—such as laws against conspiracy, incitement, and solicitation—criminalize speech . . . that is intended to induce or commence illegal activities." Id. at 298.

¶ 9. Thus, when the State of Missouri enacted a law that prohibited entering into an agreement to restrain trade, that state's courts could, outside the purview of the First Amendment, enjoin union members from picketing outside a business because the picketing sought to compel the business to enter into such an agreement. See Giboney v. Empire Storage & Ice Co., 336 U.S. 490, 497-98 (1949). "It rarely has been suggested," the Court observed, "that the constitutional freedom for speech and press extends its immunity to speech or writing used as an integral part of conduct in violation of a valid criminal statute." Id. at 498. Similarly, when the federal government passed laws prohibiting the possession and distribution of child pornography, it could also, beyond the protection of the First Amendment, criminalize the pandering and solicitation of child pornography. See Williams, 553 U.S. at 288, 299. "[O]ffers to give or receive what . . . is unlawful to possess have no social value and thus . . . enjoy no First Amendment protection." Id.

4

at 298; see also <u>Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations</u>, 413 U.S. 376, 388 (1973) ("We have no doubt that a newspaper constitutionally could be forbidden to publish a want ad proposing a sale of narcotics or soliciting prostitutes.").

¶ 10.   Relying on this principle, federal courts of appeals have rejected constitutional challenges to the federal child-luring statute, which is analogous to § 2828.  As relevant, the federal statute exposes to criminal liability a person who "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." 18 U.S.C. § 2422(b).  When, for instance, a defendant attempted to entice fictitious teenage girls into conduct violative of Massachusetts laws prohibiting sexual intercourse or lascivious acts with minors, the First Circuit rejected a contention that the luring statute criminalizes protected speech, noting that "[s]peech intended deliberately to encourage minors' participation in criminal sexual conduct has no redeeming social value and surely can be outlawed."  <u>United States v. Dwinells</u>, 508 F.3d 63, 71 (1st Cir. 2007).  The court observed that "where . . . speech is the instrumentality of the crime itself, the First Amendment provides no shelter from the government's exercise of its otherwise valid police powers."  <u>Id</u>.; see also <u>United States v. Gagliardi</u>, 506 F.3d 140, 148 (2d Cir. 2007) (noting that because "[s]peech is not protected by the First Amendment when it is the very vehicle of the crime itself," there is no "First Amendment right to persuade one whom the accused believes to be a minor to engage in criminal sexual conduct" (quotation omitted)); <u>United States v. Hornaday</u>, 392 F.3d 1306, 1311 (11th Cir. 2004) ("Speech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime.").

¶ 11.   The Vermont Legislature has criminalized engaging in a sexual act with a child under the age of sixteen.  13 V.S.A. § 3252(c), (e).  And it has proscribed engaging in lewd or lascivious conduct with a child under that age.  <u>Id</u>. § 2602(a)(1).  In extending criminal liability to

5

someone who knowingly solicits, lures, or entices—or attempts to solicit, lure, or entice—a child under the age of sixteen—or another person believed to be a child under that age—to commit such an act or engage in such conduct, the Legislature criminalized speech integral to criminal conduct. Stated otherwise, the Legislature criminalized offers to engage in these illegal transactions. This speech is "categorically excluded from First Amendment protection," Williams, 553 U.S. at 297, and § 2828 accordingly is not subject to strict scrutiny.

### B. Overbreadth and Vagueness

¶ 12. Defendant next argues that § 2828 is unconstitutionally overbroad and vague. We consider these arguments together because the same considerations lead us to the same conclusion: It is neither.

¶ 13. "[A] law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." Stevens, 559 U.S. at 473 (quotation omitted). This doctrine stems from judicial concern that an overly broad "statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973). But "the mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." Members of City Council of Los Angeles v. Taxpayers for Vincent, 466 U.S. 789, 800 (1984).

¶ 14. The vagueness doctrine, in contrast, arises not from the First Amendment, but from due process. Williams, 553 U.S. at 304. It dictates that "a penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). Due process does not, however, demand "perfect clarity and precise guidance." Williams, 553 U.S. at 304 (quotation omitted).

6

¶ 15. The premise for defendant's overbreadth and vagueness arguments is that the statute lacks a specific-intent requirement. He maintains that the statute's unconstitutional applications include proscribing sexual speech between consenting persons under the age of fifteen; sexual speech with literary, artistic, or scientific value; and roleplay scenarios between consenting adults in which one fantasizes that the other is a child.

¶ 16. Addressing these claims requires us to interpret the statute, an analysis in which we try to determine and implement the Legislature's intent. State v. Doe, 2020 VT 78, ¶ 10, __ Vt. __, 249 A.3d 658. When the plain language of the statute clearly indicates legislative intent, "we implement the statute according to that plain language." Id. (quotation omitted).

¶ 17. Based on the plain language of § 2828, we conclude that the Legislature enacted a criminal statute that is not facially vague or overbroad. To begin, contrary to defendant's argument, the statute contains a specific-intent requirement. A conviction under § 2828 requires that the accused "knowingly solicit, lure, or entice, or . . . attempt to solicit, lure, or entice." 13 V.S.A. § 2828(a) (emphases added). "A person acts 'knowingly' when 'he is aware that it is practically certain that his conduct will cause such a result.' " State v. Jackowski, 2006 VT 119, ¶ 5, 181 Vt. 73, 915 A.2d 767 (quoting Model Penal Code § 2.02(2)(b)(ii)). An "attempt" requires "an intent to commit a crime, coupled with an act that, but for an interruption, would result in the completion of a crime." State v. Sawyer, 2018 VT 43, ¶ 12, 207 Vt. 636, 187 A.3d 377 (mem.). As we have explained, crimes committed knowingly and intentionally would have been specific-intent offenses at common law. See Jackowski, 2006 VT 119, ¶¶ 6-7 (explaining that "intentionally" is synonymous with "purposely"). The mental states required by § 2828 are well known and considerably narrow what the statute prohibits. See Williams, 553 U.S. at 294 (rejecting overbreadth challenge to federal child pornography solicitation statute, among other reasons, because statute contains "knowingly" scienter requirement).

¶ 18.   Additionally, the requirement to "solicit, lure, or entice" contains meaningful, definite terms of common use and further narrows the statute's scope.  See United States v. Tykarsky, 446 F.3d 458, 473 (3d Cir. 2006) (reaching similar conclusion with terms "persuade," "induce," "entice," and "coerce" in federal child-luring statute).  Section 2828 is also clear regarding the target of the speech: "a child under 16 years of age or another person believed by the person to be a child under 16 years of age."  13 V.S.A. § 2828(a).  Finally, "sexual act" and "lewd and lascivious conduct" are limited, identifiable concepts.  The former is defined explicitly by statute, see id. § 3251(1); the latter is the subject of extensive judicial interpretation, see, e.g., In re A.P., 2020 VT 86, ¶ 19, __ Vt. __, 246 A.3d 399.

¶ 19.   Defendant's arguments do not convince us that a substantial number of the statute's applications are unconstitutional.  To engage in a roleplay scenario and fantasize that a sexual partner is a child is not to knowingly solicit, lure, or entice a child under the age of sixteen or a person believed to be a child under that age.  Nor would such facts support a conviction under the attempt prong of the statute, which requires proof of intent.  See United States v. Dhingra, 371 F.3d 557, 561 (9th Cir. 2004) (observing that federal child-luring statute "does not chill legitimate speech because the scienter and intent requirements of the statute sufficiently limit criminal culpability to reach only conduct outside the protection of the First Amendment").

¶ 20.   Defendant does not explain how § 2828 chills sexual speech with literary, artistic, or scientific value.  We fail to see how a statute proscribing offers to engage in criminal sexual activity with children, or persons believed to be children, chills speech with literary, artistic, or scientific value to any degree, let alone to the substantial degree necessary to invalidate a statute on its face.  At any rate, a future application to speech with literary, artistic, or scientific value may be invalidated in an as-applied challenge.  See Broadrick, 413 U.S. at 615-16 (holding that state statute prohibiting political activities by government employees was not unconstitutionally

overbroad and noting that "whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be applied").

¶ 21. We recognize that § 2828 could be applied to communications between two persons under the age of fifteen to engage in consensual sexual activities. See 13 V.S.A. § 2828(c) (making the statute inapplicable "if the person is less than 19 years of age, the child is at least 15 years of age, and the conduct is consensual"). Compared with the statute's plainly legitimate sweep, however, this does not mean that a substantial number of the statute's applications are unconstitutional. The U.S. Supreme Court has observed that "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance." New York v. Ferber, 458 U.S. 747, 757 (1982). At the same time, it has recognized that the overbreadth doctrine is "strong medicine" and has employed the remedy "only as a last resort." Id. at 769, 773 (quotation omitted) (holding that a state statute prohibiting child pornography was not unconstitutionally overbroad despite some overbreadth where impermissible applications of the statute amounted to no more than "a tiny fraction of the materials within the statute's reach"). Here, the statute's plainly legitimate sweep is broad. The problematic applications defendant suggests are, in comparison, few. The circumstances presented in this case do not call for the strong medicine of facial invalidation on overbreadth grounds.

## II. As-Applied Challenge

¶ 22. We have largely disposed of defendant's as-applied challenge to § 2828 in the preceding discussion. This challenge is similarly grounded on the incorrect proposition that the statute does not contain a specific-intent requirement. At trial, defendant pursued a defense that he wanted to meet "Grayson" only to warn him of the dangers of online sexual predators. He requested a jury instruction that to find him guilty, he must have acted purposely, rather than knowingly, as the statute provides. Following the language in the statute, the court instructed the jury that to find defendant guilty, he must have "acted knowingly and not inadvertently or because

9

of mistake or by accident." As noted, the statute requires that the person "knowingly solicit, lure, or entice," 13 V.S.A. § 2828(a), and "[a] person acts knowingly when he is aware that it is practically certain that his conduct will cause such a result," Jackowski, 2006 VT 119, ¶ 5 (quotation omitted). For the reasons explained above, the Constitution does not require the statute to contain a higher mental element than knowingly.

¶ 23. Defendant presented his defense to the jury, but the latter rejected it. The evidence supports the jury's finding that defendant acted knowingly. Defendant asked Grayson, who said he was fourteen years old, for oral sex multiple times. Defendant was vulgar, insistent, and impatient, saying, "Now dude send me ur address and blow me or I'm reporting ur ad." He then drove to a predetermined location to meet with his interlocutor. There is no basis to invalidate the statute as applied.

### III. Probation Condition

¶ 24. Finally, defendant appeals the probation condition providing that he "will reside at [his] approved residence as directed by [his] assigned Probation Officer or designee." He objected to the condition at the sentencing hearing and now argues that the court made no findings to support the condition. The State acknowledges the deficiency and counsels a remand for findings.

¶ 25. While the superior court retains expansive discretion in crafting probation conditions, we will reverse where the court abuses that discretion. State v. Urban, 2018 VT 25, ¶ 7, 207 Vt. 13, 184 A.3d 731. "Vermont law authorizes a sentencing court to set probation conditions that reasonably relate to the crime committed or that aid the probationer in avoiding criminal conduct." State v. Moses, 159 Vt. 294, 297, 618 A.2d 478, 480 (1992) (citing 28 V.S.A. § 252). The court may not delegate its authority to impose probation conditions to probation officers, which includes imposing such a standardless condition that the probation officer is in effect imposing the condition. Id. at 481-82.

¶ 26. Here, the superior court did not make any findings to justify this probation condition, which restricts where defendant may reside without any standards for implementation. Under these circumstances, the condition cannot stand. See, e.g., State v. Freeman, 2013 VT 25, ¶ 17, 193 Vt. 454, 70 A.3d 1008; Moses, 159 Vt. at 299-300, 618 A.2d at 482. However, we agree with the State that given the nature of defendant's crime, restrictions on his residence may be warranted, especially those related to proximity to children. Accordingly, we remand the matter to the superior court so that it may justify and revise the condition or strike it if appropriate.

The judgment of conviction is affirmed, and the matter is remanded for additional findings regarding the probation condition restricting where defendant may reside.

FOR THE COURT:

_____

Associate Justice

11