NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 5

No. 2021-105

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Lamoille Unit, |
| | Criminal Division |
| | |
| Scott Vogel | December Term, 2021 |

Nancy J. Waples, J.

Thomas J. Donovan, Jr., Attorney General, and Ultan Doyle, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

Robert J. Kaplan of Kaplan and Kaplan, Burlington, for Defendant-Appellant.

PRESENT: Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Teachout, Supr. J., Specially Assigned

¶ 1.    **COHEN, J.**    This interlocutory appeal requires us to determine whether a defendant may be tried on a charge of violating 13 V.S.A. § 2828, which prohibits solicitation of a child or another person believed to be a child to engage in sexual activity, where the defendant believed that he was communicating with another adult to arrange sexual contact with a minor child but the child turned out to be fictitious. We conclude that the facts alleged by the State in this case are sufficient to make out a prima facie case that defendant violated § 2828. We therefore affirm the trial court's decision denying defendant's motion to dismiss, and remand for further proceedings.

¶ 2.     In January 2018, defendant was charged with one count of luring a child in violation of 13 V.S.A. § 2828. According to the charging affidavit, in September 2017, defendant was in an online chatroom dedicated to "daddaughtersex." He began a chat with a Vermont undercover law enforcement officer who was posing as the mother of two daughters aged seven and thirteen years old. In a series of messages exchanged with the officer, defendant discussed having sex with her two daughters, specifically expressing interest in the thirteen-year-old. He provided details of what sexual acts he would perform with the child and stated that he would bring a special alcoholic punch for the child to drink. Defendant told the officer that he was from Morrisville, Vermont. He subsequently spoke to the undercover officer by phone, reiterated his interest in having sex with her daughters, and stated that he wanted to meet the next day. Police traced defendant's IP address to an address in Stowe, where he was eventually arrested.

¶ 3.     In May 2018, defendant moved to dismiss the charge pursuant to Vermont Rule of Criminal Procedure 12(d), asserting that the State could not make out a prima facie case that he had violated 13 V.S.A. § 2828 because the statute prohibits soliciting or luring a child or a person believed to be a child, and he believed that he was communicating with an adult woman. He argued that the statute did not proscribe vicarious solicitations or indirect overtures to children. The trial court denied the motion, concluding that the statute expressly applied to solicitation of a child "by any means," including through an adult intermediary. Defendant moved for reconsideration, arguing that the term "by any means" was ambiguous and therefore should be construed in his favor. This motion was denied as well.

¶ 4.     In April 2020, defendant filed a second motion to dismiss the charge, arguing that § 2828 requires the existence of an actual human being who is the subject of the solicitation by the perpetrator. According to defendant, because the undercover officer did not actually have children, the State could not prove that he knowingly solicited, lured, or enticed "another person" believed to be a child under sixteen, as charged in the information. Defendant argued that the statute

2

required proof of an actual human child or an adult posing as the child, which was not present in his case.

¶ 5.     The trial court rejected defendant's argument.  Relying on the statutory language and case law from other jurisdictions interpreting similar statutes, the court determined that § 2828 did not require proof that the defendant was communicating with an actual child.  The trial court subsequently granted the parties' stipulated motion to take an interlocutory appeal of the following question: "For purposes of 13 V.S.A. § 2828, Luring a Child, are the elements of 'solicit, lure or entice' and 'another person' satisfied where [d]efendant knew that he was communicating with another adult about sexual contact with minor child which was said to exist but the minor child was in fact a fabrication and did not exist."  As discussed below, we conclude that the elements of the statute are satisfied under these circumstances.

¶ 6.     The standard applicable to a motion to dismiss for lack of a prima facie case under Vermont Rule of Criminal Procedure 12(d) is "whether, taking the evidence in the light most favorable to the state and excluding modifying evidence, the state has produced evidence fairly and reasonably tending to show the defendant guilty beyond a reasonable doubt."  State v. Fanger, 164 Vt. 48, 51, 665 A.2d 36, 37 (1995).  The State has the burden of establishing "that it has substantial, admissible evidence as to the elements of the offense challenged by the defendant's motion."  V.R.Cr.P. 12(d)(2); see State v. Dixon, 169 Vt. 15, 17, 725 A.2d 920, 922 (1999).  "The question of whether the State has met its burden is one of law, which we review de novo."  State v. Graham, 2016 VT 48, ¶ 9, 202 Vt. 43, 147 A.3d 639.

¶ 7.     Here, defendant's argument turns on the proper interpretation of 13 V.S.A. § 2828.  Our goal in interpreting a statute is to effectuate the Legislature's intent.  State v. Noll, 2018 VT 106, ¶ 21, 208 Vt. 474, 199 A.3d 1054.  We begin by looking to the plain language of the statute, "because we presume the Legislature intended the plain, ordinary meaning of the language."  Dixon, 169 Vt. at 17, 725 A.2d at 922 (quotation omitted).

¶ 8.     Vermont's child-luring statute makes it a felony offense to "knowingly solicit, lure, or entice, or to attempt to solicit, lure, or entice, a child under 16 years of age or another person believed by the person to be a child under 16 years of age, to engage in a sexual act . . . or engage in lewd and lascivious conduct." 13 V.S.A. § 2828(a). The statute "applies to solicitation, luring, or enticement by any means, including in person, through written or telephonic correspondence or electronic communication." Id. § 2828(b). Defendant argues that "another person" means an actual human being. He claims that the State therefore cannot prove that he violated § 2828 because the child he is alleged to have solicited did not actually exist.

¶ 9.     We conclude that the plain language of § 2828 is broad enough to encompass the alleged actions of defendant in this case because he believed he was arranging to have sex with an actual child. The statute prohibits knowing solicitation by any means of sexual activity with children or persons believed to be children. Id. § 2828(a)-(b). The term "by any means" is broad enough to include solicitation through an adult intermediary, and the term "another person believed by the person to be a child" makes clear that the statute does not require an actual child victim. Rather, the State need only prove that a defendant believes he is soliciting sex from an actual child. This makes sense considering the purposes of the statute, which are to prevent adults from sexually exploiting real children and to deter adults from attempting to communicate with children over the internet or by other means for the purpose of engaging in sexual activity. See State v. Atwood, No. 2016-203, 2017 WL 2963080, at *4 (Vt. June 26, 2017) (unpub. mem.), https://www.vermontjudiciary.org/sites/default/files/documents/eo16-203_1.pdf [https://perma.cc/34M6-5BQV] (explaining that § 2828 provides law enforcement with mechanism "to proactively prevent people from committing crimes with real children and to discourage others from using the internet to locate children for sexual encounters"); see also LaRose v. State, 820 N.E.2d 727, 730-31 (Ind. Ct. App. 2005) (identifying similar purposes behind Indiana's child-solicitation statute); State v. Coonrod, 652 N.W.2d 715, 723 (Minn. Ct. App. 2002) (stating purpose of Minnesota's

4

child-solicitation statute is "to prohibit any persuasive conduct by adults that might entice children to engage in sexual activity," and therefore defendant could be liable for solicitation of fictitious child (quotation omitted)). Because the statute is aimed in part at intercepting potential predators before they are able to exploit children, an actual child victim is not a required element.

¶ 10. For these reasons, we are unpersuaded by defendant's argument that when the term "another person" is used in other Vermont criminal statutes, it contemplates the existence of another human being, and therefore must mean the same thing here. It is true that Vermont's sexual-assault and reckless-endangerment statutes each require proof of harm to "another person." See 13 V.S.A. §§ 1025, 3252; see also 13 V.S.A. § 1023 (criminalizing bodily injury to "another"). However, § 2828 is targeted at different conduct and is structured differently than these statutes: it criminalizes a defendant's requests for sex from an actual child or a person believed to be a child. The person believed to be a child may be real or fictitious. The question under § 2828 is not the identity of the person to whom the defendant made the communications, but whether the defendant believed that he was soliciting sex from a child under the age of sixteen.

¶ 11. Our decision in State v. Charette, 2018 VT 48, 207 Vt. 372, 189 A.3d 67, is instructive. The issue before us in Charette was whether a person convicted of violating § 2828 could be compelled to register as a sex offender if the putative victim was an undercover police officer posing as a child. The defendant argued that the plain language of the sex-offender-registration statute, which defined a sex offender as a person who committed one of several listed offenses "against a victim who is a minor," required the underlying crime to be committed against an actual child. See 13 V.S.A. § 5401(10)(B). We concluded that the registration requirement applied to the defendant "because the intended victim of defendant's crime was a minor," even though he was really communicating with an adult. Charette, 2018 VT 48, ¶ 6. We reasoned that this interpretation was consistent with the plain language of the statute, which included attempted crimes, as well as the statutory purpose and authority from other states. Id. ¶¶ 8-13.

5

¶ 12.  Similarly, the plain language of § 2828 makes clear that the pivotal question is defendant's belief that he is arranging to have sex with an actual minor, regardless of whether the child he targets turns out to be real or fictitious.  As explained above, this interpretation is supported by the purposes behind the statute.  It is also consistent with decisions from other jurisdictions.

¶ 13.  In Cayton v. Commonwealth, 580 S.W.3d 553 (Ky. Ct. App. 2019), the defendant was convicted of knowingly using an electronic communications system to procure a minor for sexual activities based on his emails and text messages to a law enforcement officer posing as the mother of a thirteen-year-old daughter.  The Kentucky Court of Appeals rejected the defendant's claim that he could only be convicted if he believed he was communicating with a minor.  It explained that "the identity of the person receiving the communication is not the dispositive issue under [the Kentucky statute].  It is whether the defendant believed he was soliciting an actual child for sexual activities."  Id. at 556 (citation omitted).  Because the evidence presented at trial showed that the defendant intentionally used an electronic means to arrange for a sexual encounter with a minor, even though that minor did not exist, the defendant was properly found guilty under the statute.  Id. at 556-57.  Courts in other states have reached similar conclusions when faced with similar fact patterns.  See Schlesselman v. State, 773 S.E.2d 413, 416 (Ga. Ct. App. 2015) (affirming child-solicitation conviction where defendant believed he was exchanging email messages with mother of fourteen-year-old girl, who turned out to be fictional); Pavlovich v. State, 6 N.E.3d 969, 982 (Ind. Ct. App. 2014) (affirming child-solicitation conviction where defendant believed he was communicating with adult sister of minor child and that sister was passing along his communications to child); State v. Wilson, 128 So. 3d 946, 949 (Fla. Dist. Ct. App. 2013) (Torpy, C.J., concurring) ("[S]olicitation can occur if . . . the request is communicated through another person, with the intent that the message reach the minor.  This could be established in either of two circumstances: where the solicitor believes that the intermediary is acting as the agent

6

for the child or where the solicitor intends for the intermediary to pass the message on to the child.").

¶ 14.    Defendant argues that the trial court erroneously concluded that defendant could be liable for attempted luring under the statute because he was charged with the completed crime. Assuming there was any error, it does not merit reversal, because the State's allegations are sufficient to support the charge that defendant violated § 2828 by soliciting sex with a minor. Solicitation means "[t]he act or an instance of requesting or seeking to obtain something; a request or petition." Solicitation, Black's Law Dictionary (11th ed. 2019).  It can also mean "[t]he criminal offense of urging, advising, commanding, or otherwise inciting another to commit a crime."  Id. The crime of soliciting a child for sex under § 2828 is completed at the time the perpetrator asks or requests to engage in sexual activity, regardless of whether the sexual act is carried out.  See State v. Masic, 2021 VT 56, ¶ 11, __ Vt. __, 261 A.3d 646(explaining that § 2828 "criminalize[s] offers to engage in . . . illegal transactions"); Pavlovich, 6 N.E.3d at 981 ("[T]he crime of child solicitation is completed at the time of the utterance, and there need not be any attempt to carry out the solicited act at any time in the immediate future." (quotations omitted)); Ganung v. State, 502 S.W.3d 825, 829 (Tex. App. 2016) ("Because the requisite intent arises within the conduct of soliciting a minor, it does not matter what happens after the solicitation occurs because the offense has been completed; it does not matter whether the solicited meeting actually occurs, or that the defendant did not intend for the meeting to actually occur, or that the defendant was engaged in a fantasy at the time of the solicitation." (quotation omitted)).  Here, the State alleged that defendant sent messages to the undercover officer requesting to have sex with the putative victim, whom he believed to be a thirteen-year-old girl.  This was sufficient to support the charge for the completed crime under § 2828.  See Model Penal Code § 5.02 (Am. L. Inst. 1985) (explaining that defendant is guilty of solicitation even if command, encouragement, or request was not actually communicated to solicited person, so long as solicitation was designed to be communicated); State

7

v. Brown, 147 Vt. 324, 327, 515 A.2d 1059, 1062 (1986) (explaining that crime of solicitation under 13 V.S.A. § 7 "is completed when a person advises, counsels or solicits another to commit a felony regardless of whether the crime solicited is actually completed"). We therefore decline to reverse on this basis.

The decision of the trial court denying defendant's motion to dismiss is affirmed and the matter is remanded for further proceedings.

FOR THE COURT:

_____

Associate Justice

8